ALLEN, Acting Chief Judge.
Appellant, petitioner below, is the holder of a license to sell alcoholic beverages at his place of business known as the Celebrity Club and located in Tampa. On April 13, 1961, pursuant to Section 561.29, Florida Statutes (1959), F.S.A., the Director of the State Beverage Department, appellee here and respondent below, caused to be issued and served on appellant, hereinafter referred to as licensee, a notice to show cause why his license to sell alcoholic beverages should not be revoked or suspended. Said notice charged the licensee and/or his employees with violations of the law on the licensed premises under Section 796.07, Florida Statutes (1959), F.S.A., relating to solicitations to commit prostitution.
Upon proper notice, a hearing was duly held before the beverage director at which considerable conflicting testimony was adduced tending to show, if the state’s witnesses are to be believed, that five of the licensee’s female employees offered to commit prostitution with said witnesses at various designated times over a three day period during March of 1961.
At the conclusion of the hearing the director determined that the charges were true and issued an order revoking the licensee’s alcoholic beverage license. From said order of revocation the licensee filed a petition for writ of certiorari in the Circuit Court of Hillsborough County. It is said lower court’s order denying the petition of which review is sought by appeal in this court. Embraced within its order was the court’s comprehensive and accurate summary of the testimony taken before the director coupled with the quoted findings of fact made by the director. Said sum *361 mary and findings followed by the lower court’s own observations and conclusions of law are set forth as follows:
“At a hearing held by the beverage director pursuant to Section 561.29 F.S.A., two beverage department agents and two City of Tampa police officers testified that various entertainers at the Celebrity Club, who were employed by petitioner, sat with each one of the beverage agents and police officers on separate occasions during the nights of March 21, 22, 23 and 24, 1961, induced them to buy drinks, and offered to engage in sexual intercourse with them for a consideration. None of the men followed through on the solicitations and no sexual intercourse was consummated on any of these occasions. The respondent’s witnesses testified that the bartender at the Celebrity Club was in a position to hear some of the conversations between them and the girls. The entertainers, who were accused by the respondent’s witnesses, testified on behalf of the petitioner and denied any improper action on their part. The bartender also denied any improper action on his part or on the part of the girls. The petitioner testified that the girls employed at the Celebrity Club were instructed not to solicit and not to date customers and he further testified that he was out of town and not at the Celebrity Club during the nights in question. He further testified that in the past few years he has had to dismiss a few girls for soliciting men to have sexual relations with them. Pursuant to this hearing, which was held on May 25, 1961, the beverage director on June 7, 1961, made the following findings of fact:
“ ‘ * * * that from about March 21, 1961, to about March 24, 1961, both dates inclusive, at his licensed place of business, he and/or his employee were keeping, setting up, maintaining or operating a place for the purpose of lewdness, assignation or prostitution, in violation of Sections 796.07 and 561.29, Florida Statutes; and from about March 21, 1961 to about March 24, 1961, both dates inclusive, at his licensed place of business, three of his white female employees whose names are not known but who are known as and called Rita, Sojna or Sonia, and Jeannie were offering to commit or committing, or engaging in prostitution, lewdness or assignation, in violation of Sections 796.07 and 561.29, Florida Statutes; and from about March 21, 1961, to about March 24, 1961, both dates inclusive, at his licensed place of business, three of his white female employees whose names are not known but who are known as and called Rita, Sojna or Sonia, and Jeannie wére soliciting, inducing, enticing or procuring others to commit prostitution, lewdness or assignation with themselves, in violation of Sections 796.07 and 561.29, Florida Statutes; and from about March 21, 1961, to about March 24, 1961, both dates inclusive, at his licensed place of business, he and/or his employee were aiding, abetting or participating in the offering by several white females whose names are not known but who were known as and called Rita, Sojna or Sonia, and Jeannie, to commit or engage in prostitution, lewdness or assignation, in violation of Sections 796.07 and 561.29, Florida Statutes; and from about March 21, 1961, to about March 24, 1961, both dates inclusive, at his licensed place of business, he or his employee were aiding, abetting or participating in the soliciting, inducing, enticing or procuring others to commit prostitution, lewdness or assignation with several white females whose names are not known but who were known as and called Rita and Sojna or Sonia, in violation of Sections 796.-07 and 561.29, Florida Statutes.’
The director then revoked the alcoholic beverage license of the petitioner at the Celebrity Club and this petition for cer-tiorari followed.
“The petitioner contends as follows : First, that no sexual intercourse was con *362 summated between the respondent’s witnesses and the petitioner’s employees; second, that the testimony of the officers relating to alleged conversations the officers had with, and statements made to the officers by employees of petitioner on the licensed premises, when said conversations were not had or made in the presence or hearing of petitioner, are hearsay evidence and therefore not admissible in proceedings under Section 561.29 F.S.A.; and finally, that there was no competent substantial evidence to support the findings and-conclusions of the beverage director in his order revoking the alcoholic beverage license of the petitioner.
“As to petitioner’s first contention, the Court cannot agree. Section 796.07 F.S.A. provides as follows:
“ ‘(3) It shall further be unlawful in the state:
“ ‘(a) To offer to commit, or to commit, or to engage in, prostitution, lewdness or assignation.’
Under this statute, the mere act of offering to engage in sexual intercourse for a consideration is a violation of law. No overt act is required to complete the offense.
“Petitioner’s second contention is without merit. Section 561.29 F.S.A. provides as follows:
“‘(1) The director is given full power and authority to revoke or suspend the license of any person, firm or corporation holding a license under the beverage law, where it is determined or found by the director upon sufficient cause appearing of:
“ ‘(a) Violation by the licensee, his or its agents, officers, servants or employees, on the licensed premises, of any of the laws of this state, or any state, or of the United States, or violation of any municipal or county regulation in regard to the hours of sale, or engaging in or permitting disorderly conduct on the licensed premises.’
Certainly it is not the intent or purpose of the law that the licensee must be present during any and every violation of law by his employees in proceedings for revocation of an alcoholic beverage license under said section.
“On his third contention, that is, that there was no competent substantial evidence to support the director’s findings and order of revocation, the director found against him and with this finding the Court agrees. In Florida Industrial Commission v. Nordin, Fla.App.1958; 101 So.2d 890, and Cohen v. State, Fla.1957; 99 So.2d 563, the Court held that where there is competent substantial evidence to support the findings of an administrative body it should not be disturbed on appeal. And in Trader Jon, Inc. v. State Beverage Department, et al., Fla.App. 1960, 119 So.2d 735, the First District Court of Appeal defines ‘competent substantial evidence’ as ‘such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred; that is, such relevant evidence as a reasonable mind would accept as adequate to support a conclusion’ and certainly, there is more than ample evidence in the record here to satisfy a reasonable mind.
“After closely examining the record, the Court is of the opinion that there is no evidence in the record that the director of the State Beverage Department was influenced by passion or prejudice; thát there is competent substantial evidence to support his findings and order; and that the director applied the proper rules of law and the essential requirements of law have been met. Therefore, the petition for certiorari should be and it is hereby denied and the suit dismissed with prejudice.”
The arguments raised by the licensee in support of his petition in the lower court are to a large degree the same *363 as those relied on for reversal here. In affirming the lower court, we adopt its conclusions of law reached in disposing of those arguments.
In the exercise of a quasi-judicial function where a decision is reached after a full hearing conducted pursuant to notice, such as was the case here, the findings of an administrative agency ordinarily will only be overturned on review upon a showing that they are not supported by substantial competent evidence. United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741; Nelson v. State, (1945), 156 Fla. 189, 23 So.2d 136, cert. denied 327 U.S. 790, 66 S.Ct. 809, 90 L.Ed. 1016; Schott v. Brooks, Fla.1952, 56 So. 2d 456; Florida Industrial Commission v. Nordin, supra, DeGroot v. Sheffield, Fla. 1957, 95 So.2d 912, defining substantial evidence as such evidence as a reasonable man would accept as adequate to support a conclusion. It is not incumbent upon the reviewing court to resolve conflicts in the testimony adduced before an administra tive tribunal. Evidence is weighed by the administrative agency and not by the courts. Florida Rate Conference v. Florida Railroad & Public Utilities Commission, Fla. 1959, 108 So.2d 601. Nor, if it were so inclined (which, on the record here presented, this court is not), should the court substitute its judgment for that of the administrative fact finder who heard the testimony and was in a position to evaluate the credibility of witnesses. Pritchett v. Florida Real Estate Commission, Fla.App. 1962, 143 So.2d 45.
In support of reversal, counsel for the licensee urges this court to hold that the director was in error in refusing to believe the female employees who, upon testifying in behalf of licensee, denied haying made the solicitations for prostitution as recounted by the state’s witnesses. They were entitled to belief, he states, because the testimony of a witness who testified as to their good character stands unrefuted by any opposing testimony impeaching their credibility. We know of no rule of evi-dentiary law which requires a fact finder to believe a witness simply because another testifies as to his good character. Nor did the character witness in the instant case appear to be sufficiently informed in the first place to be convincing with his testimony which was to the effect that the girls were of good moral character. Said character witness was Alford Fast, a representative of a labor organization known as the American Guild of Variety Artists, an affiliate of A.F.L. Mr. Fast testified as to the high moral character and professional competence in the entertainment field of the girls involved. Such a determination, he stated, was arrived at by screening all applicants for membership in his labor organization. On cross-examination Mr. Fast stated that said screening was accomplished by a personal interview with all applicants and that such was the extent of his screening.
Counsel for licensee also challenges the testimony of the state’s witnesses as to what the girls said as being hearsay in character. Such ' testimony was not introduced to establish the truth of the statements attributed to the girls (declarants) but was introduced solely to establish the fact of utterance, which, in this case constituted the solicitation for prostitution in violation of the law. In effect, the state’s witnesses testified to statements amounting to verbal acts. It is well settled that such statements are admissible in evidence and in nowise run afoul of the hearsay rule. Porter v. Ferguson, 1851, 4 Fla. 102; 13 Fla.Jur., Evidence § 271; 20 Am.Jur., Evidence § 664; Wigmore on Evidence, 3d Ed., § 1772 et seq.
Counsel for the licensee, however, in effect argues that the verbal act doctrine should not be applied in- this case for the statements of the girls were not made in the presence of the licensee and therefore should not be admitted to establish grounds for the revocation of his license. In view of the statutory provision under which the *364 licensee’s license was revoked, Section 561.-29(1) (a), Florida Statutes (1959), F.S.A., this position cannot be sustained. Said provision reads:
“(1) The director is given full power and authority to revoke or suspend the license of any person, firm or corporation holding a license under the beverage law, where it is determined or found by the director upon sufficient cause appearing of:
“(a) Violation by the licensee, his or its agents, officers, servants or employees, on the licensed premises, or elsewhere while in the scope of employment, of any of the laws of this state * * (Emphasis supplied)
A literal reading of the above quoted provision would indicate that a liquor licensee is under the onus of suspension or revocation of his license for any violation of law committed by his employees on his premises, irrespective of his own personal fault in connection therewith. However, the case of Cohen v. Schott, Fla.1950, 48 So.2d 154, decided by the Supreme Court, and the case of Trader Jon, Inc. v. State Beverage Department, supra, decided by the First District Court of Appeal, both appear to lay down the rule that, before his license can be suspended or revoked for a violation of law on his premises, a licensee should be found to have been culpably responsible for such violation through or as a result of his own negligence, intentional wrongdoing or lack of diligence. In each of these cases intoxicants were admittedly sold to minors in violation of the law after said minors had deceived employees of the licensee into believing that they were of legal age. ' The facts in each case showed that the prohibited sales were made despite the owner’s efforts to prevent same. In each case the owner was charged with but one single violation and the beverage department’s order of suspension was overturned by the appellate court. In view of these cases, we do not construe Section 561.29(1) (a), Florida Statutes (1959), F.S.A., as requiring a liquor licensee to be an absolute insurer against violations of the law on his premises committed by or through his employees. Neither do we interpret the order of the beverage director and that of the lower court in this case as holding the licensee to such strict accountability. The persistence and practiced manner with which the solicitations described by the state’s witnesses were made is sufficient to permit a factual inference leading to the conclusion that such violations of law were either fostered, condoned or negligently overlooked by the licensee, notwithstanding his absence from the premises on the dates in question.
The contention made on oral argument that the licensee has been deprived of a valuable property right as opposed to a mere privilege without due process of law is without merit. In this regard the licensee was given an adequate opportunity to be heard on the charges against him and to confront and cross-examine the state’s witnesses. The record does not disclose that the proceedings before the director were infected with bias, prejudice or any other form of unfairness and we thus conclude that the licensee was accorded procedural due process in every material respect. See generally Davis, Administrative Law Treatise (1958) §§ 7.18, 7.19.
The lower court correctly determined that the findings of the beverage director were supported by substantial competent evidence. Reversible error in this or any other particular not having been demonstrated, the order appealed must be and is affirmed.
Affirmed.
KANNER and SMITH, JJ., concur.