ALLEN, Acting Chief Judge.
This petition for writ of certiorari has been filed by Torch Club, Inc., a corporation, pursuant to Section 561.29(7) (b), Fla. Stat., F.S.A., to review an order of the State Beverage Department of Florida revoking petitioner’s beverage license, or any renewal thereof.
The license was revoked on the grounds that employees of the licensee begged or solicited customers to purchase for them alcoholic beverages in violation of Section 562.131, Fla.Stat., F.S.A., and that an employee offered to commit or engage in prostitution, lewdness or assignation with one of the agents of the Beverage Department in violation of Sections 796.07 and 561.29, Fla.Stat., F.S.A.
The Director’s order contains the following findings of fact concerning activities at petitioner’s licensed place of business: That on or about April 2, 1963, at approximately 1:00 A.M., a white female employed as a dancer, begged or solicited an agent of the Beverage Department, a customer or patron (naming customer) to purchase an alcoholic beverage for her; that on December 21, 1963, at approximately 1:25 A.M., two white females solicited two of the Department’s agents as patrons or customers to purchase two alcoholic drinks each for them; that on December 21, 1963, from about 1:40 A.M. to about 3:00 A.M., a white female begged or solicited one of the agents, a patron or customer, to purchase for her a bottle of champagne and three glasses of champagne, and she also offered to commit or engage in prostitution, lewdness or assignation with said agent; that on or about January 3, 1964, from approximately 2:00 A.M. to 2:30 A.M., two white females begged or solicited two of the agents to purchase two alcoholic drinks for them; that on or about January 3, 1964, from approximately 2:30 A.M. to 3 :00 A.M., a white female begged or solicited an agent to purchase for her two alcoholic drinks; that on or about January 28, 1964, from about 2:25 A.M. to about 3:45 A.M., two white females begged or solicited two agents to purchase for them approximately four alcoholic drinks each.
*747 Seven of the Beverage Department’s agents testified during the hearing. The Torch Club, represented by its president Alfred Gordan, sought to rebut their testimony with that of two of the female employees of the Club,
In the case of Pauline v. Lee, Fla.App. 1962, 147 So.2d 359, another Beverage Department license revocation case, we said:
“In the exercise of a quasi-judicial function where a decision is reached after a full hearing conducted pursuant to notice, such as was the case here, the findings of an administrative agency ordinarily will only be overturned on review upon a showing that they are not supported by substantial competent evidence. United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741; Nelson v. State, (1945), 156 Fla. 189, 23 So.2d 136, cert. denied 327 U.S. 790, 66 S.Ct. 809, 90 L.Ed. 1016; Schott v. Brooks, Fla.1952, 56 So.2d 456; Florida Industrial Commission v. Nordin [Fla.App., 101 So.2d 890], supra, DeGroot v. Sheffield, Fla. 1957, 95 So.2d 912, defining substantial evidence as such evidence as a reasonable man would accept as adequate to support a conclusion. It is not incumbent upon the reviewing court to resolve conflicts in the testimony adduced before an administrative tribunal. Evidence is weighed by the administrative agency and not by the courts. Florida Rate Conference v. Florida Railroad & Public Utilities Commission, Fla.1959, 108 So.2d 601. Nor, if it were so inclined (which, on the record here presented, this court is not), should the court substitute its judgment for that of the administrative fact finder who heard the testimony and was in a position to evaluate the credibility of witnesses. Pritchett v. Florida Real Estate Commission, Fla.App. 1962, 143 So.2d 45.”
The case sub judice follows rather closely Pauline v. Lee, supra.
We conclude that there was substantial competent evidence to support the findings of the Director and deny certiorari.
Certiorari denied.
SHANNON and ANDREWS, JJ., concur.