219 So.2d 47 (1969)
W.C. WOODBURY, Doing Business As Burgerhouse, Petitioner,
v.
STATE BEVERAGE DEPARTMENT of Florida, and Don O. Meiklejohn, As Director of the State Beverage Department of Florida, Respondents.
No. K-233.
District Court of Appeal of Florida. First District.
February 20, 1969.
Richard J. Wilson and Margaret Kathleen Wright, Gainesville, for petitioner.
Maurice M. Paul, Orlando, for respondents.
RAWLS, Judge.
W.C. Woodbury filed his petition for writ of certiorari to review an order of the Beverage Director suspending his beverage license upon a finding that he was guilty of two charges arising out of one sale of beer to a minor.
At the hearing the following facts were adduced: Woodbury, d/b/a Burgerhouse, in Gainesville on University Avenue across the street from the University of Florida campus, left his place of business for a two-hour rest on October 26, 1967, after admonishing his bartender that a campus activity was in progress and to be sure to check all ID cards. The bartender, Michael J. Miller, a 21-year old college student who had worked at the Burgerhouse for two and one-half months, testified that the owner told him daily to check ID cards, and he did so except for regular customers whom he had checked before. On the night in question two men came to the bar, ordered two beers, and told him he had checked their cards earlier. He gave them the beer and took the money. About five minutes after they had sat down at *48 a table, a beverage agent, Thomas Cotton, came in, checked their ID cards and arrested one of the men, Staten Fowler, Jr. (age 19), and the bartender. Staten Fowler, Jr. was described by the witnesses as over six feet tall, 175 to 230 pounds, broad shoulders, big arms, rough face, ruddy complexion, and according to the owner and the young bartender looked over 21 years old. Fowler had been a school dropout and worked in a service station.
Woodbury testified that his business was small and did not warrant employment of a professional bartender. He found college students more honest than any other type bartender he could employ, and he had to have someone relieve him for a few hours in the early evenings because he stayed open until 3:00 a.m. His location near the campus made it very difficult to keep check on minors, but he admonished his employees constantly to check ID cards.
The Director apparently construed the evidence strictly and since it established that a sale was made to a minor, the license was suspended.
This Court in Trader Jon, Inc. v. State Beverage Department,[1] and the District Court of Appeal, Second District, in Taylor v. State Beverage Department,[2] have reviewed the case law relative to the standard of diligence required of a licensee to withstand revocation or suspension. These cases and others cited therein have made it clear that a liquor licensee is not an insurer against violations of law committed on his premises by or through his employees. The licensee is responsible to determine who is underage, but since the inquisition into a charge of violation is equitable in nature and not criminal, he is held only to a reasonable standard of diligence. Before a license can be suspended or revoked, the licensee should be found by the Director to have been culpably responsible for such violation as a result of his own negligence, intentional wrongdoing or lack of diligence. The record should contain substantial competent evidence to support that finding.
The record here discloses charges based upon a single sale to a minor, who had the appearance of an adult, and who misled the bartender by telling him that he had previously checked his ID card. The owner of this small establishment frequently instructed his employees to check ID cards; nevertheless, this sale occurred during the owner's short rest period.
We can discern no difference in a patron lying about his age and in one lying about whether his ID card had been previously checked. Cohen v. Schott[3] held:
"* * * It would seem that when one operates a cocktail bar or lounge, makes it generally known that minors are not admitted for drinking purposes frequently instructs his employees to challenge those who appear to be within the prohibited age, they are in fact challenged in the manner shown here, and assert that they are twenty-one, which is to all outward appearances true, he has made such effort as the law contemplates to comply with its requirements. * * *
"* * * If one seeking admission looks so juvenile that the proprietor has grave doubt as to his age, he would undoubtedly have the right to require substantial proof, but when costume, visage and general appearance of the patron may easily be taken for those of an adult and he repeatedly asserts his adulthood to the servants of appellant, we think it too harsh to revoke one's license because the patron lied to him."
*49 In addition, the Director's order is fatally deficient due to an absence of any findings of fact.
The Petition for Writ of Certiorari is granted and the order reviewed is quashed.
CARROLL, DONALD, Acting C.J., and JOHNSON, J., concur.
NOTES
[1] Trader Jon, Inc. v. State Beverage Department, 119 So.2d 735 (Fla.App.1st, 1960).
[2] Taylor v. State Beverage Department, 194 So.2d 321 (Fla.App.2d, 1967).
[3] Cohen v. Schott, 48 So.2d 154, 155 (Fla. 1950).