MASON, (Circuit Judge, Retired) Associate Judge:
We reverse. In so doing we hold that the order of the respondent agency is not supported by competent substantial evidence. Especially is this true as to knowledge on the part of the licensee. We find that the record herein is completely void as to any knowledge on the part of the licensee or of any responsible officer or employee thereof as to the employee’s alleged violation of the law by offering to commit or engage in prostitution with a patron as charged. Before a beverage license may be suspended or revoked it must be found by competent substantial evidence that the licensee was culpably responsible for the al *878 leged violation as a result of its own negligence, intentional wrongdoing or lack of diligence. There is no competent substantial evidence in this case proving that the alleged violation occurred as a result of such fault on the part of the licensee. See Woodbury v. State Beverage Department, 219 So.2d 47 (Fla. 1st DCA 1969). We note that the licensee was charged with but one single violation by an employee. There is no evidence that such activity was persistent or recurring. See Pauline v. Lee, 147 So.2d 359, at p. 364 (Fla. 2d DCA 1962).
Reversed, and the order of the agency herein suspending the licensee’s license is set aside and revoked.
MILLS, Acting C. J., and MELVIN, J., concur.