COBB, Judge.
Appellant (Golden Dolphin) was charged by the appellee (Division) with violating various rules of the Division and statutes of Florida, thereby placing the Golden Dolphin’s beverage license in jeopardy pursuant to section 561.29, Florida Statutes (1977).
The hearing officer found that the Golden Dolphin had: (1) allowed one of its employees to perform a lewd, lascivious, indecent, or obscene show in violation of section 847.011(4), Florida Statutes (1977); (2) surrendered the control and management of the licensed premises through a management contract contrary to Florida Administrative Code Rule 7A-3.17; and (3) failed to keep copies of its invoices on its premises in violation of Florida Administrative Code Rule 7A-4.45. The Division adopted the findings of the hearing officer and ordered the Golden Dolphin’s license suspended for 45 days. The Golden Dolphin has appealed the first two of the above three findings of the hearing officer’s order.
A review of the management contract shows that it violated the provisions of Florida Administrative Code Rule 7A-3.-17, in several respects. We affirm the finding of the hearing officer that dealt with this issue.
We now turn to the question of whether the Golden Dolphin allowed one of its employees to perform an obscene show. In order to prove the charge, the Division had to present evidence that the Golden Dolphin’s corporate officers knew that the employee was performing in that manner and that the show was obscene.
Where the evidence shows a persistent or recurring activity, the fact-finder may infer that the licensee had knowledge. G.R.B. of Jacksonville, Inc. d/b/a Out of *1374 Sight v. State, 371 So.2d 139 (Fla.1st DCA 1979), appeal dismissed, 379 So.2d 205 (Fla.1979); Pauline v. Lee, 147 So.2d 359 (Fla.2d DCA 1962). In the case at hand, one of the customers of the Golden Dolphin testified that he had witnessed this type of activity occurring on several previous occasions pri- or to the occasion that prompted the charge. This was sufficient evidence for the hearing officer to find that the Golden Dolphin’s corporate officers had knowledge that its employee was performing in that manner.
With regard to the question of whether there was substantial competent evidence to support the hearing officer’s finding that the show was obscene, the Golden Dolphin contends on appeal, as it did at the hearing, that since there was no evidence submitted to the hearing officer as to the contemporary community standards of the area, there was insufficient evidence to support a finding that the dance was obscene. We agree.
It has been recognized that dances that were once considered obscene, such as the waltz and the two-step, may meet with approval today. State ex rel. Swanboro v. Mayo, 155 Fla. 330, 19 So.2d 883 (1944). Both the United States Supreme Court and the Florida Legislature have declared that a decision as to whether something is obscene must be made with regard to community standards. Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973); Section 847.011(11), Florida Statutes (1977).
The decision as to what are the community standards must come from either the prior knowledge of the trier of fact or through knowledgeable witnesses. United States v. 2,200 Paper Back Books, 565 F.2d 566 (9th Cir. 1977). This decision usually arises in the context of a criminal trial where the defendant exercises his right to a jury trial. The jury is supposed to be a cross-section of the community and thus knowledgeable of the community standards. Therefore, independent testimony is not necessary to enable a jury to judge the obscenity of material which has been placed into evidence. Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); Paris Adult Theatre I v. Slaton, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973). However, such independent testimony may be presented if a party so desires.
If a defendant waives his right to a jury and is tried by a judge, it is logically arguable that such defendant cannot complain that the judge is unrepresentative of the community. But if that judge affirmatively asserts his incapacity to discern community standards in the absence of evidence thereof, then it would be incumbent upon the state to present such evidence at trial. See United States v. 2,200 Paper Back Books, 565 F.2d 566 (9th Cir. 1977).
In the case at hand, the proceeding was a civil administrative hearing and, therefore, there was no right to a jury trial. Robins v. Florida Real Estate Commission, 162 So.2d 535 (Fla.3d DCA 1964); 1 Fla. Jur.2d Administrative Law § 64 (1977). No opportunity for a jury trial was provided. Instead, the Golden Dolphin was tried by a hearing officer, and no evidence was presented on the subject of contemporary community standards. With the case in this posture, the Division failed to prove that the show was obscene.
Accordingly, we affirm that part of the hearing officer’s order that dealt with the management contract; we reverse that part of the hearing officer’s order finding that the Golden Dolphin permitted one of its employees to perform an obscene show; and we remand the case to the Division for resentencing in light of the lesser number of violations.
DAUKSCH, C. J., concurs.
SHARP, J., dissents in part, with opinion.