411 So.2d 276 (1982)
LASH, INC., Appellant,
v.
STATE of Florida, DEPARTMENT OF BUSINESS REGULATION, Division of Alcoholic Beverages and Tobacco, Appellee.
Nos. 81-214, 81-1398.
District Court of Appeal of Florida, Third District.
March 16, 1982.
Rehearing Denied April 13, 1982.
Lane Abraham, Miami, for appellant.
Janice G. Scott and William A. Hatch, Tallahassee, for appellee.
Before HENDRY, NESBITT and FERGUSON, JJ.
*277 HENDRY, Judge.
Lash, Incorporated, through its sole stockholder, Richard Breder, appeals from an order of the Division of Alcoholic Beverages & Tobacco revoking its license. We affirm.
The license revocation stemmed from narcotics violations on appellant's premises. The evidence established that on five occasions over a period of a week, undercover beverage agents purchased controlled substances from two of appellant's employees. As a result of the violations, the Division issued an emergency order suspending appellant's license. Appellant sought review of the suspension in this court and we entered a stay.[1]
Pursuant to a "show cause" notice, a formal administrative hearing was conducted on April 9, 1981 in accordance with the provisions of Section 120.57, Florida Statutes, before a hearing examiner from the Division of Administrative Hearings. The hearing examiner then filed a recommended order setting out findings of fact, conclusions of law, and recommending that appellant's license be suspended for thirty days. On June 23, 1981, Mr. Charles Nuzum, head of the agency, entered a final order partially adopting the recommended order, modifying some of the findings and conclusions, and increasing the penalty to full license revocation. At that time Mr. Nuzum also denied a motion previously filed by the appellant seeking to disqualify him from further participation in the case on grounds of bias and prejudice.
Appellant raises three issues for our review: (1) the head of the agency erred in failing to disqualify himself from determination of the case; (2) the agency abused its discretion in ordering revocation of the license when the record did not contain substantial competent evidence to support the penalty; and (3) the agency head lacked authority to increase a recommended penalty without a complete review of the record.
Addressing appellant's first issue, we find the contention that the agency head should have disqualified himself from this case pursuant to Section 120.71(1), Florida Statutes, without merit. Basically, appellant argues that since the director issued the emergency suspension order in which he entered findings of fact and conclusions of law, as required by statute, he was necessarily biased against any later recommendations made by a hearing officer.
The argument advanced is tantamount to saying that a trial judge who enters a temporary restraining order should thereafter be precluded from entering a final order because he would be unable to fairly evaluate the case having made a preliminary ruling. This argument is spurious. Just as a judge's legal and factual rulings do not form a basis for disqualification, neither does an agency head's entry of an emergency order.[2] Accepting appellant's contention would lead to the conclusion that the mere initiation of administrative charges against a licensee would automatically result in the agency head's disqualification. Other than entry of the emergency order, appellant has alleged absolutely no facts to support a well-founded fear that the director would not act in a proper and objective manner. The allegation proves nothing more than the fact that the agency, in accordance with its statutory duties, instituted administrative proceedings against appellant. Moreover, the fact that certain recitations made in the emergency order were amended or omitted from the recommended *278 and final orders belies the fact that the agency head was bound to his original determination. We are thus unable to accept the contention raised and conclude that the agency head properly denied appellant's motion to disqualify.
Appellant next argues that the record did not contain sufficient competent evidence to support the revocation.
Florida Statute 561.29(1) grants the Division authority to revoke or suspend a beverage license when the Division finds that either the licensee or his agents have violated certain laws of the state on the licensed premises. While conceding that the penalty imposed falls within the permissible range of statutory law, thus precluding this court's review of the sanction, Florida Real Estate Commission v. Webb, 367 So.2d 201 (Fla. 1978), appellant nonetheless challenges the revocation on the grounds that the agency (a) erroneously found that the licensee was culpably responsible for the illegal acts since he was allegedly neither involved nor aware of the drug activities; (b) used the wrong standard in reviewing the evidence; and (c) implemented new policy relative to the degree of care that should be exercised by licensees in maintaining their businesses free from narcotic activity.
Appellant misinterprets the proper standard for revocation or suspension of a beverage license. Under Section 561.29(1), where the unlawful activity is committed by the licensee's agent, simple negligence is sufficient for revocation. Admittedly, the courts have refused to uphold revocations when the evidence showed only that on one occasion the licensee's employees violated the laws, and that the licensee otherwise took measures to comply with them. See, e.g., G & B of Jacksonville, Inc. v. State of Florida, Dept. of Business Regulation, 366 So.2d 877 (Fla. 1st DCA 1979) (single violation by employee); Woodbury v. State Beverage Dept., 219 So.2d 47 (Fla. 1st DCA 1969) (same); Taylor v. State Beverage Dept., 194 So.2d 321 (Fla.2d DCA), cert. denied, 201 So.2d 464 (Fla. 1967) (same). Where, however, the laws are repeatedly and flagrantly violated by the employees, an inference arises leading to the conclusion that such violations are either fostered, condoned or negligently overlooked by the licensee, notwithstanding his absence from the premises when the violations occur. Pauline v. Lee, 147 So.2d 359, 364 (Fla.2d DCA 1962), cert. denied, 156 So.2d 389 (Fla. 1963). Consequently, if the evidence supports the conclusion that the licensee failed to exercise ordinary care in the maintenance of the licensed premises or the supervision of his employees, he can be found negligent and his license revoked. See Bach v. Florida State Board of Dentistry, 378 So.2d 34, 36 (Fla. 1st DCA 1979).
Where the violations are, as here, committed in a persistent and recurring manner consisting of more than one isolated incident, the courts have not hesitated to find that such violations were either fostered, condoned, or negligently overlooked by the licensee, even though he may have been absent at the time of the commission of such. Golden Dolphin No. 2, Inc. v. State of Florida, Division of Alcoholic Beverages & Tobacco, 403 So.2d 1372 (Fla. 5th DCA 1981) (lewd and lascivious dancing by female employees on several occasions); G & B of Jacksonville v. State of Florida, Dept. of Business Regulation, 371 So.2d 139 (Fla. 1st DCA 1979) (employees engaged in open and lewd acts with several patrons on two different days); Pauline v. Lee, supra, (female employees of licensee offered to commit prostitution with agents at various times over a three-day period). In the present case, the recurring sales were made possible by appellant's failure to supervise the premises and his employees in a reasonably diligent manner, properly leading to the license revocation.
We also conclude that the order is supported by competent, substantial evidence. Appellant's primary argument on this issue is that a sliding scale with respect to the quantum of evidence required should have been employed. Appellant reasons that since revocation of a license is much harsher than suspension, the same evidence *279 which is substantial enough to support suspension may not support revocation. Appellant overlooks the fact that the evidence found sufficient to support a thirty-day suspension is, under the applicable statute [Sec. 561.29, Fla. Stat.] and case law, also sufficient to support revocation. We will not, as urged by appellant, substitute our judgment for that of the agency below on an issue of discretion. See Sec. 120.68(12), Fla. Stat.
Appellant also submits that the final order promulgates new agency policy and as such, the agency was required to explain its position and address countervailing arguments. This contention is totally without merit. There was no departure from existing agency policy. Unlike Anheuser-Busch, Inc. v. Dept. of Business Regulation, 393 So.2d 1177 (Fla. 1st DCA 1981), cited by appellant, the discipline imposed in the instant case was for violation of an explicit statute or rule. There can be no doubt that Florida law expressly prohibits possession, use and sale of drugs, and Section 561.29(1) provides for license suspension or revocation upon violation of any law of the state on the licensed premises.
Finally, appellant alleges that the order is fatally deficient for failure to recite that the Director made a review of the complete record prior to increasing the recommended penalty. Section 120.57(1)(b)9, does indeed require the agency to review the entire record prior to increasing the recommended penalty, but does not require the agency to explain its rationale for so doing. Florida Real Estate v. Webb, supra. Emphasis is placed on whether the entire record is before the agency, not on whether the final order recites that a review of the complete record was made. Here, the final order makes several references to the record, indicating that the transcript of the proceedings and all documents contained in the record on appeal were before the director and demonstrating that he made the requisite review.
The order revoking appellant's license is hereby
AFFIRMED.
NOTES
[1] The stay entered in case number 81-214 effectively held the suspension order in abeyance until final hearing. Since the emergency order of suspension has merged with the final revocation order, we need not reach appellant's procedural and other challenges to the previous order. We do note, however, that there is no statutory requirement for formal hearing of any kind prior to entry of emergency orders temporarily suspending a license. See Lerro v. Dept. of Professional Regulation, 388 So.2d 47 (Fla.2d DCA 1980). But see Aurora Enterprises, Inc. v. State of Florida, Dept. of Business Regulation, 395 So.2d 604 (Fla.3d DCA 1981), for a comprehensive discussion of due process requirements following temporary suspension.
[2] See Meyer v. State, Dept. of Business Regulation, Division of Pari-Mutuel Wagering, 402 So.2d 527 (Fla.3d DCA 1981), and cases cited.