THOMPSON, Judge.
Jones appeals an order of the Division of Alcoholic Beverages and Tobacco of the Department of Business Regulation, (Division) revoking his beverage license at the
Happy Hour, contending there is no competent substantial evidence to support the revocation. We agreé and reverse.
The Division filed an administrative complaint against Jones alleging fourteen counts of illicit drug activity which allegedly occurred on the licensed premises and seeking to suspend or revoke his beverage license. The hearing officer found Jones guilty of five illegal drug transactions, encompassed in seven counts, and recommended that his beverage license for the Happy Hour be suspended for sixty days. The Division adopted the hearing officer’s findings of fact and conclusions of law but rejected his recommended penalty and revoked the Happy Hour’s beverage license.
The licensed premises was limited to the lounge itself and did not include the parking lot or any area outside of the building. Only one of the fourteen counts of negotiating or soliciting the purchase and sale of illegal drugs was actually consummated on the licensed premises. Only two of the transactions involved an employee of the licensee and that employee was off-duty at the time and outside of the licensed premises when the transactions took place. The negotiations and the actual transfer of drugs alleged in seven of the counts took place outside of the licensed premises. These seven charges, including the two charges against the off-duty employee, were dismissed by the hearing officer. As to the remaining seven counts, Counts IV and VII related to only one transaction, the only one in which both the negotiations for sale and the delivery of the illegal drugs took place on the licensed premises. Counts VIII and XII also related to a single transaction in which the negotiations for sale took, place within the lounge but in which the delivery occurred outside the lounge. Counts III, X, and XIII also involved drug transactions where the initial negotiations of sale or offer of a gift of drugs took place on the licensed premises but the actual delivery or gift was made" off of the licensed premises.
The hearing officer found that the latter five transactions, involving seven counts, *1111 were violations of one or more Florida criminal statutes and a violation of §§ 561.-29(l)(a), .29(l)(c), Fla.Stat. In support of his finding that the licensee was guilty of violating these sections of the beverage law, the hearing officer cited Golden Dolphin No. 2, Inc. v. State, Division of Alcoholic Beverages & Tobacco, 403 So.2d 1372 (Fla. 5th DCA 1981), G & B of Jacksonville, Inc. v. State, Department of Business Regulation, Division of Beverage, 371 So.2d 137 (Fla. 1st DCA 1979), and Pauline v. Lee, 147 So.2d 359 (Fla. 2d DCA 1962), cert. denied, 156 So.2d 389 (Fla.1963). Section 561.29(1)(a), which the licensee is charged as having violated, provides:
Violation by.the licensee or his or its agents, officers, servants, or employees, on the licensed premises, or elsewhere while in the scope of employment, of any of the laws of this state or of the United States, or violation of any municipal or county regulation in regard to the hours of sale, service, or consumption of alcoholic beverages, or engaging in or permitting disorderly conduct on the licensed premises, or permitting another on the licensed premises to violate any of the laws of this state or of the United States; except that whether or not the licensee or his or its agents, officers, servants, or employees have been convicted in any criminal court of any violation as set forth in this paragraph shall not be considered in proceedings before the division for suspension or revocation of a license except as permitted by chapter 92 or the rules of evidence.
This statute deals only with violations by the licensee or his or its officers, servants, or employees, which occur on the licensed premises, or elsewhere while in the scope of employment. None of the counts of which the licensee was found guilty involved an agent, servant, or employee. Golden Dolphin No. 2, G & B of Jacksonville, and Pauline all involved employees of the licensee who violated a criminal law. Neither § 561.29(1)(a), nor the case law cited in the recommended order supports a finding that Jones, or any of his agents, servants, or employees were guilty of violating that section under the facts.
The licensee may be guilty of violating the beverage law and of operating a nuisance if he is guilty of intentional wrongdoing or if he fails to exercise due diligence in supervising and maintaining surveillance over the licensed premises. The hearing officer found there was no evidence tending to show that Jones had any knowledge of the illegal drug transactions and that on occasions prior to the incidents herein the licensee had fired several employees whom he suspected might be involved with drugs. The hearing officer did however find that the licensee was negligent in that he did not exercise due diligence in supervising and maintaining surveillance of the licensed premises during the evening hours. The hearing officer again cited Golden Dolphin No. 2, G & B of Jacksonville, and Pauline in support of his finding that there were sufficient violations to show a persistent and recurring activity from which he could infer the licensee had knowledge. There is no evidence the licensee actually or constructively permitted anyone to conduct illegal drug activities on the premises. Cf. Bach v. Florida State Board of Dentistry, 378 So.2d 34 (Fla. 1st DCA 1980). All of the cases cited involved a persistent and practiced manner in which violations executed by agents, servants, or employees of the licensee led to the conclusion that the licensee either condoned or negligently overlooked the illegal activities. Those cases also stand for the proposition that the licensee is not an absolute insurer against violations of the law on his premises even when committed by or through his employees and that an isolated violation or incident is not a basis for finding the existence of a nuisance or a violation of the beverage law and is not a basis for revoking a beverage license.
There being no competent substantial evidence that the licensee was guilty of violating either § 561.29(l)(a) or § 561.29(l)(c), Fla.Stat., the order revoking Jones’s license is reversed and the cause is remanded for *1112 the entry of an order dismissing the administrative complaint filed against him.
WIGGINTON and ZEHMER, JJ., concur.