BASKIN, Judge.
Florida Literary Distributing Corporation (Florida Literary) appeals a final judgment finding four magazines obscene and granting a permanent injunction enjoining and restraining appellant from showing, offering for sale, or exhibiting the magazines to the public.
Florida Literary contends on appeal, as it did at the non-jury proceeding below, that appellee failed to meet its burden of proof, and that appellee’s failure to offer testimony defining contemporary community standards of obscenity in Dade County precluded the issuance of an injunction as a matter of law. We agree and reverse upon a holding that absent á presentation to the trial court of testimony defining contemporary community standards of obscenity, the evidence was insufficient to support the trial court’s ruling that the materials in question are obscene. See Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419, reh’g denied, 414 U.S. 881, 94 S.Ct. 26, 38 L.Ed.2d 128 (1973); Golden Dolphin No. 2, Inc. v. State, Division of Alcoholic Beverages & Tobacco, 403 So.2d 1372 (Fla. 5th DCA 1981); § 847.011(11), Fla.Stat.(1981).
We agree that:
While it may be said that the trier of fact will know obscenity when he sees it (to paraphrase Justice Stewart’s concurrence in Jacobellis v. Ohio, 378 U.S. 184, 197, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964), how exactly can an appellate court determine if he has properly identified the relevant community standards? See concurrence in part and dissent in part of Justice Stevens in Marks v. United States, 430 U.S. 188, 198, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977).
United States v. 2,200 Paper Back Books, 565 F.2d 566, 570 n. 7 (9th Cir.1977). The presentation of expert testimony defining contemporary community standards is essential in cases where no right to a jury trial exists. See Golden Dolphin.
Reversed and remanded for further proceedings consistent with this opinion.