SHIVERS, Judge.
Appellants appeal an order of the Division of Alcoholic Beverages and Tobacco revoking their beverage license. We affirm.
Appellants, co-owners of a licensed establishment known as the Palatka Blue Diamond, were charged by the Division with' 17 violations of the Florida beverage laws, alleged to have occurred on 12 dates between May 12, 1982 and October 30, 1982. The hearing officer concluded that the Department had failed to prove the occurrence of violations on 6 of the dates, but found competent substantial evidence to support violations on the 6 other dates (encompassed within 11 counts). The Division adopted the hearing officer’s findings of fact, conclusions of law, and recommended penalty, and ordered that appellants’ license be revoked.
Of the 11 counts which the hearing officer found to be supported by competent evidence, Count 1 alleged that appellants, through their employees, violated section 561.29(l)(c), Florida Statutes, by maintaining a public nuisance in violation of section 823.10, Florida Statutes. Count 2 alleged that appellants, through their employees, violated section 561.29(l)(a), Florida Statutes, by violating section 893.13(2)(a)5, Florida Statutes. Both Counts 1 and 2 were worded so as to allege that the violations had occurred between the dates of May 12, 1982 and October 30, 1982. The other 9 counts alleged, and the hearing officer found, single-date violations of section 561.29(l)(a) through appellants’ employees’ violations of various criminal statutes, including sale of marijuana, (section 893.13(l)(a)2; Counts 16 and 17); gambling (sections 849.01 and 849.08; Counts 14 and 15); and maintaining a place which is used for keeping or selling controlled substances (section 893.13(2)(a)5; Counts 3, 5, 6, 8, and 10).
Under section 561.29(1), the Division may revoke or suspend a beverage license upon sufficient cause and any of the sections’ specified grounds. The two grounds involved in this case are section 561.29(l)(c), maintaining a nuisance on the licensed premises, and 561.29(l)(a):
Violation by the licensee or his or its agents, officers, servants, or employees, on the licensed premises, or elsewhere while in the scope of employment, of any of the laws of this state or of the United States, or violation of any municipal or county regulation in regard to the hours of sale, service, or consumption of alcoholic beverages, or engaging in or permitting disorderly conduct on the licensed premises, or permitting another on the licensed premises to violate any of the laws of this state or of the United States....
Although a literal reading of section 561.29(l)(a) would seem to indicate that a license could be revoked or suspended whenever an employee violated the law on the licensed premises, irrespective of the personal fault of the licensee, it is well established that the licensee must be found to be culpable, as a result of either his own negligence, intentional wrongdoing, or lack of diligence in supervising and maintaining surveillance over the premises. Pauline v. Lee, 147 So.2d 359 (Fla. 2d DCA 1962). The licensee is not, however, required to be an absolute insurer against violations of law on the premises by his employees. Therefore, where the evidence shows only *580 a single, isolated violation of the law, the courts have refused to uphold revocations. See, e.g., Jones v. Department of Business Regulation, 448 So.2d 1109 (Fla. 1st DCA 1984); G & B of Jacksonville, Inc. v. Department of Business Regulation, 366 So.2d 877 (Fla. 1st DCA 1979); Woodbury v. State Beverage Department, 219 So.2d 47 (Fla. 1st DCA 1969); J.H. Taylor v. State Beverage Department, 194 So.2d 321 (Fla.2d DCA), cert. denied, 201 So.2d 464 (Fla.1967). But where the laws are repeatedly and flagrantly violated or occur in a persistent or practiced manner, the courts have inferred that the violations were either condoned or negligently overlooked by the licensee, notwithstanding his absence from the premises at the time of the violation. See, e.g., Pauline v. Lee, supra (5 violations over a 3-day period); Lash, Inc. v. Department of Business Regulation, 411 So.2d 276 (Fla. 3d DCA 1982) (5 violations within 1 week); G & B of Jacksonville, Inc. v. Department of Business Regulation, 371 So.2d 137 (Fla. 1st DCA 1979) (3 violations in 1 day); Golden Dolphin No. 2, Inc. v. Division of Alcoholic Beverages & Tobacco, 403 So.2d 1372 (Fla. 5th DCA 1981) (violations on “several” occasions).
In the instant case, we find there was competent substantial evidence to support the hearing officer’s findings that the underlying violations occurred. We also conclude there was sufficient evidence of flagrant, persistent and recurring violations from which the hearing officer could infer that the licensees failed to supervise the premises in a reasonably diligent manner and, thus, were culpable. Accordingly, the final order revoking appellants’ beverage license is AFFIRMED.
BOOTH and ZEHMER, JJ., concur.