# FLORIDA GAME AND FRESHWATER FISH COMMISSION, STATE OF FLORIDA v PADGETT

Case Nos. 85-1312 and 85-2612

State of Florida, Division of Administrative Hearings

November 8, 1985

## APPEARANCES OF COUNSEL

**Dan R. Stengle** for petitioner.

**Norman Padgett,** pro se.

## OPINION

WILLIAM J. KENDRICK, Hearing Officer.

### *RECOMMENDED ORDER*

Pursuant to notice, the Division of Administrative Hearings, by its duly designed Hearing Officer, William J. Kendrick, held a public hearing in the above-styled cases on September 26, 1985, in Tallahassee, Florida.

### *PRELIMINARY STATEMENT*

At issue in these consolidated cases is whether Respondent's haul

seine permit should be revoked or otherwise disciplined (Case 85-1312), or whether Respondent's haul seine permit should be renewed (Case No. 85-2612).

At final hearing Petitioner, Florida Game and Fresh Water Fish Commission (Commission), called as witnesses Dennis E. Hammond, formerly Assistant Director for the Commission's Division of Fisheries; Donald D. Fox, Project Leader for the Commission's Lake Okeechobee fisheries project; Randy A. Mullins, a wildlife enforcement officer; James R. Doxey, a wildlife law enforcement officer; and Arthur R. Lyman, III, a wildlife law enforcement officer. The Commission offered Exhibits 1-15, and they were received into evidence. Respondent testified on his own behalf and called Dennis E. Hammond as a witness.

The transcript of hearing was filed October 25, 1985. The Commission submitted proposed findings of fact and conclusions of law, and they have been reviewed and considered. A ruling has been made on each proposed finding of fact in the Appendix to this Recommended Order. No proposed findings have been filed on behalf of Respondent.

## FINDINGS OF FACT

1. Respondent, Norman Padgett, holds a haul seine permit, issued by the Commission, which authorizes Respondent to operate a haul seine net on Lake Okeechobee. The permit is renewable annually and is one of ten such permits issued by the Commission.

2. The Lake Okeechobee Haul Seine Permits authorize their holds to fish by haul seine and to harvest game fish in commercial quantities, activities not legal absent such a permit. To minimize conflict between sport fishermen and commercial haul seine permittees on Lake Okeechobee, the Commission has, by rule, prohibited seining activities in certain areas.

3. Among the areas closed by rule to haul seining is the area south of a line that connects the northernmost point of Kreamer Island to the northernmost point of Ritta Island. That line is approximately five miles long and can be readily determined since the northermost point of either island is visible from the other island.

4. Also closed by rule to haul seining are those areas shoreward of a line delineated by the Commission's commercial fishing boundary buoys. The boundary line is approximately one mile lakeward of emergent aquatic vegetation.

5. The Commission, by rule, has prohibited the use of "short" haul seines as an aid to its enforcement against haul seining in closed areas.

"Short" nets are prohibited because of the ease with which they can be deployed and retrieved. During the time period pertinent to these proceedings, the Commission's rules prohibited use of haul seine nets of less than 350 yards in length.

6. On June 18, 1984, a crew was conducting haul seining operations under the authority of Respondent's haul seine permit. The crew was operating in the closed area south of the line established by the northermost points of Kreamer and Ritta Islands and was warned by a Commission employee that use of a haul seine in that area was prohibited.

7. On June 19, 1984, a crew was again conducting haul seining operations under the authority of Respondent's haul seine permit in the close area south of the line established by the northernmost points of Kreamer and Ritta Islands. The seining operations were being conducted from one-half to one mile within the closed area.

8. On June 20, 1984, a crew was again conducting haul seining operations under the authority of Respondent's haul seine permit. On this occasion the crew was operating in a closed area shoreward of a line delineated by the Commission's commercial fishing boundary buoys. The haul seine net being used measured 277 yards in length.

9. Respondent was not on board the fishing vessels during the foregoing events. However, consistent with the Commission's rule, the crews were in possession of his permit.

10. At hearing Respondent offered no evidence of what, if any, efforts he took to supervise or maintain control of the haul seine crews. His testimony established, however, that he was aware the haul seine net was less than 350 yards in length.

11. By letter dated March 28, 1985, the Commission informed Respondent of its intent to revoke his Lake Okeechobee Haul Seine Permit. Respondent timely requested a formal hearing. The case was forwarded to the Division of Administrative Hearings and assigned Case No. 85-1312.

12. By letter dated July 23, 1985, the Commission informed Respondent of its intent to deny his application for renewal of his haul seine permit, predicated on their prior decision to revoke his permit. Respondent timely requested a formal hearing. The case was forwarded to the Division of Administrative Hearings, assigned Case No. 85-1512, and consolidated with Case No. 85-1312.

246

## CONCLUSIONS OF LAW

1. The Division of Administrative Hearings has jurisdiction over the parties to, and subject matter of, these proceedings.

2. The Commission issues Lake Okeechobee Haul Seine Permits pursuant to Rule 39-23.12, *F.A.C.*, which, pertinent to these proceedings, provided:

(4) Permits for haul seines:

(a) Haul seines as specified herein may be used by persons licensed under ss 372.65 and 372.651, F.S., for taking non-game fish, bluegill, redear sunfish (shellcracker), and warmouth under authority of a permit from the executive director. A maximum of 10 haul seine permits may be issued to applicants on a first-come, first-served basis. . . .

. . . . . . . . . . . .

(b) A permittee shall maintain responsibility for the lawful operation of equipment under the permit. A permittee shall be responsible for ensuring that the permit is aboard the vessel operating or transporting such equipment.

. . . . . . . . . . . .

(5) Commercial gear specifications and restrictions:

(a) Haul seines:

1. Net specifications—not less than 350 yards nor more than 1,600 yards in length. . . .

. . . . . . . . . . . .

3. Closed areas:

a. Haul seines shall not be used or operated in . . . that area south of a line connecting the northermost point of Kreamer Island to the northernmost point of Ritta Island; or in any rim canal, river mouth, channel, or within that area shoreward of the boundary delineated by the commercial fishing boundary buoys.

3. The Commission has established by clear and convincing evidence that the crews operating under Respondent's haul seine permit fished prohibited areas on three consecutive days and utilized a seine net shorter than that authorized by rule. While a permittee is not an absolute insurer of the actions of those operating under his permit, he is under a duty to reasonably supervise and maintain surveillance over the operations. *Simmons v. Department of Business Regulation*, 465 So.2d 578 (Fla. 1st DCA 1985).

4. Where, as here, the laws are repeatedly and flagrantly violated or

violations occur in a persistent or practiced manner, an inference arises that the violations were either condoned or negligently overlooked by the permittee, notwithstanding his absence from the location of the violations. *Simmons v. Department of Business Regulations, supra.* Respondent failed to offer any evidence that he supervised the operations in a reasonably diligent manner.

5. Respondent's failure to dispel the inference raised by the facts of this case, coupled with his knowledge that the haul seine net in use was less than legal in length, establishes Respondent's culpability.

Based on the foregoing Findings of Fact and Conclusions of Law, it is

RECOMMENDED that the Commission enter a Final Order:

1. Revoking Respondent's Lake Okeechobee Haul Seine Permit; and

2. Denying Respondent's application to renew his Lake Okeechobee Haul Seine Permit.

DONE AND ENTERED this 8th day of November, 1985, at Tallahassee, Florida.