# DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES v CLARK

Case No. 85-1937

State of Florida, Division of Administrative Hearings

November 15, 1985

## APPEARANCES OF COUNSEL

Morton Laitner, HRS District Eleven, for petitioner.

Mattie and Jimmy Clark, pro se.

## OPINION

W. MATTHEW STEVENSON, Hearing Officer.

### RECOMMENDED ORDER

Pursuant to notice, the Division of Administrative Hearings by its duly designed Hearing Officer, W. Matthew Stevenson, held a formal hearing in this case on October 8, 1985, in Miami, Florida.

The issue for determination at the final hearing was whether the

Respondents' license to operate a Family Day Care Home should be revoked.

## PROCEDURAL BACKGROUND

The Petitioner filed an Administrative Complaint on April 11, 1985. The Respondents disputed the allegations contained in the Administrative Complaint and requested a formal hearing pursuant to Section 120.57(1), *Florida Statutes2rf (1983). This cause came on for final hearing on October 8, 1985. The Petitioner presented the testimony of nine (9) witnesses. In addition, Petitioner's Exhibits 1-8 were offered and duly admitted into evidence. Mattie Eva Clark, testified on behalf of Respondents.*

The Petitioner has submitted posthearing Proposed Findings of Fact. A ruling has been made on each proposed Finding of Fact in the appendix to this Recommended Order.

## FINDINGS OF FACT

Based upon my observation of the witnesses and their demeanor while testifying, the documentary evidence received and the entire record compiled herein, I hereby make the following Findings of Fact:

1. The Respondents Mattie and Jimmy Clark, are licensed by the State of Florida, Department of Rehabilitative Services to operate the Clark Family Day Care Home for Children at 17011 N. W. 54th Avenue, Opa-Locka, Florida.

2. The unfortunate incident which gave rise to this administrative proceeding occurred on Monday, March 11, 1985. On that morning, at approximately 8:00 A.M., Mrs. Holder left her two eighteen month old twin children, A.H. and N.H. at Respondent's family day care center. Mrs. Holder returned to the day care center at approximately 5:50 P.M. to pick her two children up. When she arrived at the Clark residence, Mrs. Clark met her and proceeded to get the two children. After Mrs. Holder arrived at her home, she was changing her daughter's diaper when she noticed burn marks on the child's buttocks. After noticing the burns she checked her son by removing his diaper, and discovered that he had burn marks on his penis. Mr. and Mrs. Holder immediately called the police.

3. Mr. and Mrs. Clark were away from the residence from approximately 2:30 P.M. until 4:30 P.M. During that two hour period, the twins received the burns. During their absence from the day care center, Mr. and Mrs. Clark left their 22 year old daughter, Fifi Clark in charge of the children. Fifi Clark and five children, including the twins, remained at the day care center.

4. For no apparent reason, Fifi poured hot water inside the front of A.H.'s diaper. Also, for no apparent reason, Fifi encouraged one of the other minor children to soak a rag in boiling hot water and place it inside the diaper of N.H.. Fifi Clark warned the other children that if they told anyone, they would get into trouble and could receive the death penalty.

5. When Mr. and Mrs. Clark returned to the day care center, no one told them what had happened to the twins.

6. Both A.H. and N.H. received first and second degree burns from the incident. Both children continue to have consistent nightmares and A.H. will require additional psychological counseling.

7. For her role in this sordid affair Fifi Clark was convicted, at a jury trial, of two counts of misdemeanor child abuse. Adjudication was withheld, and she was placed on one year probation with special conditions that she receive psychiatric treatment and that she not participate in any baby-sitting service without the prior consent of her probation officer.

8. Fifi Clark continues to reside at the Clark residence.

## CONCLUSIONS OF LAW

The Division of Administrative Hearings has jurisdiction of the parties to, and the subject matter of, this proceeding. Section 120.57(1), *Florida Statutes* 1983).

This proceeding is penal in nature and the burden of proof is on the Petitioner. *Bach v. Florida Board of Dentistry*, 378 So.2d 34 (Fla. 1st DCA 1980); *Balino v. Department of Health and Rehabilitative Services*, 348 So.2d 349 (Fla. 1st DCA 1977). Because the Respondent's license is at stake, the evidence to support the charges must be more substantial than that required to support conventional forms of regulatory action. Under these circumstances, *Bowling v. Department of Insurance*, 394 So.2d 165 (Fla. 1st DCA 1981) requires the evidence weigh as substantially on a scale for evidence as the penalty does on the scale of penalties. Accordingly, the findings made here are predicated upon a showing of clear and convincing evidence.

The Department of Health and Rehabilitative Services is charged with the responsibility of regulating and licensing Family Day Care Homes. Chapter 402, *Florida Statutes*, (1983). Section 402.302(5) and (6) defines such a home and its operator as follows:

"(5) "Family day care home" means an occupied residence in which day care is regularly provided for more than five preschool children

262

and elementary school children from more than one unrelated family . . . Elementary school siblings of the preschool children received for day care may also be cared for outside of school hours provided the total number of children . . . does not exceed 10".

(6) "Operator" means any person ultimately responsible for the overall operation and administration of a child care facility, whether or not he is the owner."

Section 10M-12.02(1), *Florida Administrative Code*, provides that:

. . . "No person shall be an operator or owner of, nor be employed in a child care facility who:

. . (d) Exhibits behavior that may be injurious to children.

(e) Has been determined to be a risk to children through the following procedure:

Upon receipt of an indicated report, the Department of the local licensing agency will conduct an inquiry to determine if the license should be revoked or denied as a result of the report. Such factors as the nature and disposition of the report, the severity of the offense, the number and disposition of previous reports will be used to make an assessment as to whether or not any child is at risk in the child care facility. If it is determined that children are at risk, the license shall be revoked or denied."

The Petitioner has charged that Respondent's license to operate the Clark Family Day Care Home for Children should be revoked on the basis of both of the above-cited provisions of law.

Petitioner has failed to establish by competent substantial evidence that the Respondent's license should be revoked on the basis of Section 10M-12.01(1)(d). The Code clearly provides that no "person" shall be an operator or owner of a child care facility who "exhibits behavior injurious to children." There was no evidence that Mr. or Mrs. Clark, Respondents herein, personally exhibited any behavior which was injurious to children. The serious and unnecessary injuries incurred by the twins on March 11, 1983 were inflicted by an employee of the Clark's and not by either Mr. or Mrs. Clark personally. Fifi Clark was held criminally responsible in county court for her actions in causing the twins to be burned. Mr. and Mrs. Clark remained unaware of the injuries that the twins received even after they returned to the day care center that day. In *Bach v. State Board of Dentistry,* the court stated that: "Where statutes provides grounds for revocations of license, those provisions must be strictly construed and strictly followed because the statute is penal in nature." *Id.* at 36.

Petitioner has also failed to establish, by evidence compelling enough to satisfy the requirements of *Bowling v. Department of Insurance*, that Respondent's license should be revoked on the basis of Section 10M-12.02(1)(e). However, the evidence was sufficient, consistent with the sliding scale approach enunciated in *Bowling*, to establish that Respondent's license should be suspended with certain conditions.

It is clear that on March 11, 1985, children were at risk while in the care of Respondents. The risk to children was posed by Fifi Clark, daughter of Respondents herein, and a de facto employee of the Clark Family Day Care Home for Children. During the Clark's absence on March 11, 1985, Fifi exhibited cruel and inhuman behavior with regard to A.H. and N.H. Fifi Clark does not hold a license to operate a day care center; the Respondents herein, Mattie and Jimmy Clark, do. The case law in the area of beverage licensing is helpful in assessing culpability, from a licensee viewpoint, in this area. The courts have consistently held that before a license may be revoked for the unlawful activity of an employee or agent, it must be shown by competent substantial evidence that the licensee was culpably responsible for the alleged violation as a result of its negligence, intentional wrongdoing or lack of diligence. *Lash, Inc. v. Department of Business Regulation*, 411 So.2d 276 (Fla. 3d DCA 1982). *Woodbury v. State Beverage Department*, 219 So.2d 47 (Fla. 1st DCA 1969). The testimony herein is completely devoid as to any knowledge on the part of the Respondents that Fifi Clark was capable of, or inclined to comment, the cruel and violent acts which are the subject of this case. Likewise there was no evidence presented which would permit the factual inference that Mr. or Mrs. Clark either fostered, condoned or negligently overlooked Fifi Clark's destructive behavior. See *Charlotte County Lodge v. Department of Business Regulation*, 463 So.2d 1208 (Fla. 1st DCA 1985). The severity of the offense is not the only factor which must be considered under Section 10.12.02(e); indeed, the Code specifically notes that "the number and disposition of previous reports" should also be considered.

Lacking culpable negligence or fault on the part of Respondents, the evidence is not sufficient to allow for the revocation of the license. However, in view of the severe incident which occurred and the requirement that the health, safety and well-being of the children who receive child care in child care facilities in this state must be protected: it is

RECOMMENDED THAT:

(1) A final order be entered suspending the Respondent's license to

operate the Clark Family Day Care Home for Children until such time as Respondents present proof, satisfactory to the Department of Health and Rehabilitative Services, that Fifi Clark is no longer residing at their residence; and,

(2) The final order provide that should the suspension be lifted by the Department of Health and Rehabilitative Services, Respondents may not employ Fifi Clark nor allow her on the premises at any time while children are being care for.

DONE and ORDERED this 15th day of November, 1985 in Tallahassee, Leon County, Florida.