## JOHN P. MANGELS *v.* COMMISSIONER
## OF MOTOR VEHICLES

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE No. 209622
NEW HAVEN

Memorandum filed December 28, 1984

*Mark A. Shiffrin,* for the plaintiff.

*Joseph I. Lieberman,* attorney general, and *John F. Gill,* assistant attorney general, for the defendant.

CRETELLA, J. The plaintiff has appealed from an order of the defendant, the commissioner of motor vehicles. The plaintiff operated an automobile repair shop in New Haven, doing business as John's Automotive Center (JAC). JAC was a repair licensee of the commissioner of motor vehicles.

The plaintiff alleges that JAC ceased operations in 1981. On or about April 2, 1982, the defendant served upon the plaintiff a "Notice of Hearing and Charges" which notified the plaintiff of a hearing to be held on May 20, 1982, upon allegations that the plaintiff's proprietorship violated provisions of the General Statutes.

The plaintiff appeared before the commissioner and at that time contested the commissioner's jurisdiction over the case. The commissioner reserved the question

pending submission of briefs. On July 22, 1982, the commissioner issued an order fining the plaintiff $500. The plaintiff has exhausted his administrative remedies.

The plaintiff has raised five grounds of error in his appeal but has briefed only two. Those issues not briefed are considered abandoned. *Katsetos* v. *Nolan,* 170 Conn. 637, 641, 368 A.2d 172 (1976).

The notice of hearing received by the plaintiff stated "Facts Warranting Suspension or Revocation of License." The plaintiff argues in his second ground of appeal that this notice was procedurally defective in that it did not advise the plaintiff that he might also be fined if any of the charges set forth in the notice were substantiated at the hearing.

The Uniform Administrative Procedure Act; General Statutes § 4-166 et seq.; applies to this case. *Lawrence* v. *Kozlowski,* 171 Conn. 705, 372 A.2d 110 (1976), cert. denied, 431 U.S. 969, 97 S. Ct. 2930, 53 L. Ed. 2d 1066 (1977). A matter involving a license is a "contested case" within the meaning of the act. General Statutes § 4-182 (a). The notice requirement for "contested cases" requires: "(1) A statement of the time, place and nature of the hearing; (2) a statement of the legal authority and jurisdiction under which the hearing is to be held; (3) a reference to the particular sections of the statutes and regulations involved; (4) a short and plain statement of the matters asserted." General Statutes § 4-177 (b). The commissioner's notice complied with these requirements.

The notice to the plaintiff stated § 14-64 as the jurisdictional basis for the commissioner's complaint. Section 14-64 empowers the commissioner to suspend or revoke the license of any licensee or to impose a civil penalty of not more than $1000. This notice also advised the plaintiff that "[t]he above allegations, if substantiated, may result in the suspension or revocation of

your repairer's license *or such other administrative action as may be appropriate in the case."* (Emphasis added.) It is submitted that these two provisions sufficiently notified the plaintiff that a fine might be levied against him if the commissioner deemed that appropriate.

Cases holding a notice procedurally defective under the Uniform Administrative Procedure Act have generally done so on the grounds that the agency at the hearing took actions against the plaintiff on the basis of charges of which the plaintiff was not notified. *Murphy* v. *Berlin Board of Education,* 167 Conn. 368, 371, 355 A.2d 265 (1974). "To charge on one theory and then find on another, about which the plaintiff did not know and against which it was not prepared to defend, is contrary to law and would . . . constitute the taking of property without due process of law." *Hart Twin Volvo Corporation* v. *Commissioner of Motor Vehicles,* 165 Conn. 42, 48, 327 A.2d 588 (1973). Such was not the case here. The plaintiff was charged, inter alia, with violating General Statutes § 14-149 (b) and was held liable on that charge. The notice was therefore not defective in the manner contemplated by statute or case law. This ground for the plaintiff's appeal lacks merit and is dismissed.

Returning now to the first question of the plaintiff's appeal, namely, that of jurisdiction, it is a position of the plaintiff that the commissioner lacked jurisdiction over the case, that is, did not have the power to impose the fine, on the ground that the plaintiff's license had expired prior to the commissioner's complaint against him.

General Statutes § 14-64 provides that: "The commissioner [of motor vehicles] may suspend or revoke the license . . . of any licensee, impose a civil penalty of not more than one thousand dollars on any

license . . . or suspend or revoke the license . . . of any licensee and impose a civil penalty of not more than one thousand dollars on any licensee when, after notice and hearing, he finds that the licensee (1) has violated any provision of any statute or regulation . . . pertaining to his business as a licensee . . . .'' The statute is silent regarding the commissioner's jurisdiction to hold a hearing and impose disciplinary action against a licensee whose license expires after he had allegedly violated statutes pertaining to his business but before the commissioner has filed a complaint against him.

Prior to 1981, General Statutes § 14-64 empowered the commissioner only to suspend or revoke the petitioner's license. See General Statutes (Rev. to 1979) § 14-64. In 1981 this statute was amended to allow the imposition of a fine of not more than $1000. Public Acts 1981, No. 81-160. By necessary implication, the pre-1981 statute was clearly inapplicable to former licensees; a license cannot be suspended or revoked as against someone who no longer holds a license.

The legislative history surrounding this 1981 amendment, however, implies that the amendment was intended only to provide an additional or alternative penalty for those licensees for whom suspension or revocation would also be possible. "This bill as it is being clarified and amended, merely makes available to the Commissioner . . . in those situations where previously we could only suspend or revoke a motor dealer's license for some sort of abuse, an additional penalty of a fine . . . and kind of giving them the choice of using either or, or both and as the appropriate circumstances are concerned. . . .

"When a motor vehicle dealer had been guilty of any of the offenses for which his license could be pulled or suspended in the past, the only option, other than not

enforcement, was to effectually put him out of business. That not only harmed the dealer, but often harmed his employees. And it was thought that additional flexibility would serve the purpose, both of enforcement and of really fitting the penalty to the abuse that was being corrected." 24 H.R. Proc., Pt. 7, 1981 Sess., p. 2268.

In addition, it is a familiar principle of statutory construction that courts may not read into clearly expressed legislation provisions which do not find expression in its words. *Brunswick Corporation* v. *Liquor Control Commission,* 184 Conn. 75, 81, 440 A.2d 792 (1981). It is submitted that had the legislature intended the commissioner's jurisdiction to extend to former as well as current licensees it would have explicitly so stated.

Since the legislative history clearly reveals that the 1981 amendment was not intended to give the commissioner additional jurisdiction but simply to allow the commissioner to impose a fine in lieu of suspension, it follows that if the commissioner could not suspend, he cannot fine, and accordingly the findings of fact, conclusions of law and orders of the commissioner are set aside and the fine is vacated.

The appeal is sustained.