## M. Joseph Lillis, Jr. v. Department of Health Services et al.

Superior Court     Judicial District of     File No. 322092
Hartford-New Britain at Hartford

Memorandum filed February 14, 1989

*John E. Lillis,* for the plaintiff.

*Clarine Nardi Riddle,* acting attorney general, *Richard J. Lynch* and *Andrea Gaines,* assistant attorneys general, for the defendants.

HAMMER, J. The plaintiff, a licensed embalmer who operates a funeral home in New Milford, has taken this appeal, pursuant to the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq., from a decision of the defendant board of examiners of embalmers and funeral directors (board) ordering that a letter of reprimand, stating that he was guilty of unprofessional conduct in violation of General Statutes § 20-227 (4), be placed in his file at the defendant department of health services. He claims that the reprimand was, in effect, a finding that he had billed the widow of a deceased for embalming her husband's body without permission, a violation which had not been charged and of which he had no notice. The plaintiff also argues that there is nothing in the record and that there was no evidence presented to the board that would support a finding that he had embalmed the body without permission, which he claims was a factual conclusion implicit in the wording of the letter of reprimand that was sent to the plaintiff and placed in his file.

In their amended answer, the defendants deny that the board found that the plaintiff had billed the widow

of the deceased for the unauthorized embalming of her husband's remains. The board also denies that it made any findings in its letter of reprimand as alleged in the plaintiff's appeal to this court.

On January 16, 1986, the plaintiff was given notice by the board, pursuant to General Statutes § 4-177 of the UAPA, that a formal hearing would be held as the result of an investigation of a complaint filed by Ruth M. Alex against the plaintiff concerning the bill that she had received for the funeral expenses of her deceased husband, Theodore Alex. A statement of the specific charges brought by the department of health services was attached to the notice of hearing and alleged that the plaintiff prepared the remains of the deceased for a viewing "in contradiction to the express intent" of Mrs. Alex, and that he billed her "for services which he knew or should have known, were not authorized by [her]." The complaint also requested the board to revoke the plaintiff's license or to "order other disciplinary action as it deems appropriate and consistent with law in regard to [his] license . . . ."

Mrs. Alex testified at the hearing before the board that, on the morning after her husband's death, she met with the plaintiff to discuss funeral arrangements. At that time she requested a brief, private viewing of the body at the funeral home by family members, for which she agreed to pay $125.

According to her testimony, the plaintiff called later that day and told her that because of the presence of tissue gas in the body, he did not believe that he could prepare it for viewing. She testified that she then told him: "I knew nothing about these things and I would take him at his word and we would cancel the viewing." He called her the following day to tell her that he would be able to prepare the body after all, but she

told him that she would not change her mind and that the family would not be viewing the body at the funeral home.

The plaintiff's recollection of his first telephone conversation with Mrs. Alex was that he told her that the body was in a "very bad state" but that he would do everything that he could to prepare the body for viewing. He understood her to say that he should continue his efforts and that the family still wanted to view the body privately if it was possible. The following day the preparations were finally completed, but when the plaintiff called Mrs. Alex to inform her that the body was ready for viewing, she told him that she had changed her mind and that the family would not be coming to the funeral home to view the body.

The plaintiff also testified that if Mrs. Alex had told him that she did not want him to proceed with the preparations, it would have been a "straight embalming" and the additional $125 charge would not have appeared on the bill. He also testified that the separate charge of $195 for "preparation of deceased," was for the actual embalming, which would have been done in any event if the family authorized it, either verbally or in writing.

The board's June 14, 1986 decision consists of a memorandum of decision summarizing the procedural history of the case, a finding of facts, a discussion and conclusion and an order. The finding of facts states that the plaintiff, "in contradiction to the express intent of decedent's widow and next of kin Ruth M. Alex, did prepare the remains of decedent Theodore Alex for a viewing [and billed her] for services which he knew or should have known had not been authorized by her." The board, in its discussion and conclusion, restates the original charges as given in the prehearing notice to

the plaintiff and states, as its conclusion, "after reviewing all the evidence that this claim as alleged has been proven."

The board's order was made pursuant to General Statutes § 19a-17 and provides: (1) that a letter of reprimand be written and placed in Lillis' file at the department of health services; (2) that such letter state Lillis was guilty of unprofessional conduct and that he violated General Statutes § 20-227 (4); and (3) that such letter be considered if Lillis is brought before the board in any further disciplinary matters.

The letter of reprimand states that it was issued pursuant to the foregoing order and as the result of the hearing before the board alleging that the plaintiff had violated § 20-227 (4) by billing Mrs. Alex "for services which you knew or should have known were not authorized." Thereafter, the following sentence, which the plaintiff asserts is a part of the board's findings, appears: "So that this does not recur, in the future this board recommends that you obtain permission for embalming previous to performing the service and that all other arrangements be agreed to in writing."

The board of examiners of embalmers and funeral directors, as a professional licensing board within the department of health services, has the authority, under General Statutes § 19a-17, to issue a letter of reprimand to a licensee "upon finding the existence of good cause" if administrative action short of revocation or suspension is found to be appropriate under the circumstances. General Statutes § 19a-17 (4). Section 20-227 provides that any person aggrieved by "action taken under section 19a-17 may appeal therefrom in accordance with the provisions of section 4-183."

The question, in such an appeal, is not whether the reviewing court would have reached the same conclusion, but whether the record before the agency supports

the action taken. *O'Donnell* v. *Police Commission,* 174 Conn. 422, 426, 389 A.2d 739 (1978). In the process of reaching its decision, the administrative agency must determine the credibility of the witnesses and resolve disputed issues of fact. *Jaffe* v. *Department of Health,* 135 Conn. 339, 343, 64 A.2d 330 (1949). The conclusions reached must be upheld on appeal if they are legally supported by the evidence presented in the course of the administrative proceeding. *Balch Pontiac-Buick, Inc.* v. *Commissioner of Motor Vehicles,* 165 Conn. 559, 563, 345 A.2d 520 (1973).

The court's function, in reviewing the disciplinary action taken by a professional licensing board, is limited to determining whether the board acted illegally, and the court may not exercise its independent judgment as to whether such discipline should have been imposed. *Jaffe* v. *Department of Health,* supra, 353. The licensee's rights in such a proceeding are adequately protected where he has been given notice specifying the grounds of the complaint against him and the records of the board show the basis upon which its action was taken. Id., 354–55.

The record in this case establishes that the board's findings resulting in the issuance of the reprimand were based on identical charges filed against the plaintiff and of which he had notice when the disciplinary proceeding was initiated. See *Mangels* v. *Commissioner of Motor Vehicles,* 40 Conn. Sup. 226, 227–28, 487 A.2d 1121 (1984). A notice is sufficient where the record and the transcript of the hearing clearly show that the licensee knew exactly what charges had been brought against him and was aware of the factors upon which he could predicate his defense. *Brazo* v. *Real Estate Commission,* 177 Conn. 515, 519, 418 A.2d 883 (1979).

The real ground for the plaintiff's appeal is not that the disciplinary action taken by way of the issuance of

a reprimand was illegal, but that the recommendation contained therein as to how such a violation could be avoided in the future referred to "embalming" rather than to the preparation of a body for viewing. In effect, the plaintiff would have the court ignore the board's finding of fact and its order entirely and consider only the letter of reprimand as the "final decision" from which this appeal was taken.

The "final decision" requested by the department of health services was such disciplinary action as was deemed appropriate by the board, and the board, in its order, made a determination to impose discipline by way of the issuance of a letter of reprimand. A letter sent by an administrative agency or board as a result of, or supplemental to, a prior final determination by the agency, however, is not in itself properly the subject of an appeal under the UAPA. See *Neri* v. *Powers,* 3 Conn. App. 531, 538–39, 490 A.2d 528, cert. denied, 196 Conn. 808, 494 A.2d 905 (1985).

The plaintiff may properly assert that the inclusion of the offending sentence in the letter of reprimand may prejudice him in the event there are any future complaints of professional misconduct on his part. Under Connecticut law, however, there is no statutory authority or other legal basis for judicial review of the severity or the scope of disciplinary action ordered by an administrative board. *Tucker* v. *Board of Education,* 190 Conn. 748, 753, 462 A.2d 385 (1983). Where the punishment imposed is not in violation of the board's legal powers or duties, any attempt to modify or to correct the administrative action amounts to an improper substitution of the court's judgment for that of the board. *Tucker* v. *Board of Education,* 177 Conn. 572, 583, 418 A.2d 933 (1979) (*Cotter, C. J.,* dissenting).

For the foregoing reasons, the appeal is dismissed.