[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Michael Buscetto, Jr. d/b/a Michael's Service Center, appeals a decision of the department of motor vehicles making findings of fact and conclusions of law but ordering no action. The plaintiff was a dealer and repairer licensed by the department to operate a business at 360 Rope Ferry Road in Waterford. On January 7, 1997, the department held a hearing pursuant to General Statutes § 14-64, to consider the allegations that from August 31, 1995 through June 11, 1996 the plaintiff violated certain statutory and regulatory provisions governing car dealerships and repair shops. At the hearing, the CT Page 5299 department submitted evidence to support the allegations. After the hearing but before the final decision was rendered, the plaintiff surrendered his dealer and repair license for this business. In his final decision the hearing officer made certain findings of fact and concluded as follows:
CONCLUSIONS OF LAW:
 1. That Licensee on or about August 31, 1995 through June 11, 1996 did violate Section 14-64(5) of the Connecticut General Statutes, in that the Licensee can no longer be considered qualified applying the standards of Section 14-51
of the Connecticut General Statutes and all applicable Regulations, specifically referring to the following listed allegations.
 2. That the Licensee violated Section 14-63-4(d)(e) of the Connecticut Motor Vehicle Regulations on or about August 31, 1995 through June 11, 1996, by failing to maintain proper facilities, personnel and equipment at the licensed location.
 3. That the Licensee violated Section 14-63-42 of the Connecticut Motor Vehicle Regulations on or about August 31, 1995 through June 11, 1996, by failing to make records available for inspection as required.
 4. That the Licensee violated Section 14-65i of the Connecticut General Statutes on or about August 31, 1995 through June 11, 1996, by failing to have posted the two signs as required.
 5. That the Licensee violated Section 14-65i of the Connecticut General Statutes on or about August 31, 1995 through June 11, 1996, by failing to maintain wrecker records as required.
 BASED UPON THE ABOVE FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS ORDERED:
 That no further action be taken against Michael's Service Center (Licensee) as a result of this matter since the said Licensee is no longer in business.
(Return of Record (ROR), Item 14, Decision.) CT Page 5300
The plaintiff appeals pursuant to General Statutes §§ 14-57 and4-183. He raises a single issue on appeal: the department lacked jurisdiction to render a decision. The defendant claims that the plaintiff's appeal must be dismissed for lack of aggrievement.
This appeal is governed by the Uniform Administrative Procedure Act, General Statutes §§ 4-166 through 4-189, and accordingly this court's jurisdiction "is created only by statute and can be acquired and exercised only in the manner prescribed by statute." United Cable Television Services v. Dept. of PublicUtility Control, 235 Conn. 334, 341 (1995). Under General Statutes § 4-183, a person "who is aggrieved by a final decision may appeal to the Superior Court as provided in this section." General Statutes § 14-57 is the statutory provision authorizing an appeal from the commissioner's orders pertaining to dealer and repairer licenses, and it provides that "any person aggrieved . . . may take an appeal therefrom . . . or in accordance with the provisions of section 4-183." Accordingly, in order to have standing to bring an administrative appeal, a person must be aggrieved. Connecticut Business Industry Assn.v. Commission on Hospitals Health Care, 214 Conn. 726, 729
(1990).
"Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected. O'Leary v.McGuinness, 140 Conn. 80, 83, 98 A.2d 660 (1953). Hall v.Planning Commission, 181 Conn. 442, 445, 435 A.2d 975 (1980)." (Internal quotation marks omitted.) United Cable TelevisionServices v. Dept. of Public Utility Control, supra , 235 Conn. 343. "The determination of aggrievement presents a question of fact for the trial court and a plaintiff has the burden of proving that fact." Id., quoting Mystic Marinelife Aquarium v. Gill,175 Conn. 483, 493, 400 A.2d 726 (1978).
As noted most recently by our Supreme Court in Med-Trans ofConn. v. Dept. of Public Health Addiction Services,242 Conn. 152 (1997), the test for determining aggrievement is twofold:
 [F]irst, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific CT Page 5301 person and legal interest has been specially and injuriously affected by the decision . . . Cannavo Enterprises, Inc. v. Burns, 194 Conn. 43, 47, 478 A.2d 601 (1984); Bakelaar v. West Haven, 193 Conn. 59, 65 475 A.2d 283 (1984).
Id., 159.
Under General Statutes § 14-64, the plaintiff is subject to suspension or revocation of his license and/or imposition of a civil penalty if he is found to have violated any statute as regulation pertaining to his business as a licensee. Here, the hearing officer found a number of violations and specifically found under § 14-64(5) that the plaintiff was not qualified to conduct the business. General Statutes § 14-64 further provides,
 Where the commissioner has made such finding, he shall require the licensee, as a condition to his continued licensure or the reinstatement of the license following its suspension or revocation, to furnish to the commissioner a bond satisfactory to him in the amount of one thousand dollars, conditioned upon compliance with all laws pertaining to the business of the licensee and the regulations of the commissioner, which bond may be forfeited for further violation and the claim arising therefrom shall be settled or compromised subject to the approval of the commissioner.
Because the hearing officer made such adverse findings as to this plaintiff, even though no order of suspension or revocation entered, nor was any civil penalty imposed, the plaintiff may suffer future adverse consequences if he seeks reinstatement as set forth in the statute. Accordingly, the plaintiff is aggrieved.
The plaintiff argues that, because he surrendered his license before the issuance of the decision, the department lacked jurisdiction to make the findings and conclusions it did. He also asserts that because the facts found by the hearing officer establish that no one had operated any type of repair business on the premises since December 1993, this department lacked jurisdiction. The latter argument warrants little discussion. There was no finding of fact establishing that no repair business had occurred on the premises since December 1993. (See ROR, Item 14, Decision, ¶ 8.) Further, General Statutes § 14-64
contains no language limiting the department's jurisdiction to licensees with active business operations. See General Statutes CT Page 5302 § 14-64.
The two cases the plaintiff cites to support both jurisdictional arguments are distinguishable. As to the decision in Mangels v. Commissioner of Motor Vehicles, 40 Conn. Sup. 226
(1984), the trial court sustained the appeal where the department imposed sanctions under § 14-64 on a plaintiff whose license had expired prior to any notice of hearing and charges. Similarly, in Stern v. Medical Examining Board, 208 Conn. 492
(1988), the Supreme Court found that the board had no power to revoke a license which had expired prior to the filing of the charges. The Stern court noted the significance of the status of the plaintiff at the commencement of the proceedings as well as the particular language of the statute bestowing authority on the board. In this case, the plaintiff was licensed as a dealer and repairer at the time the charges were brought and throughout the hearing. Further, in light of the consequences of the commissioner's findings under General Statutes § 14-64, the plaintiff did not render the department's proceedings moot by surrendering his license prior the decision. As noted previously, General Statutes § 14-64 requires that a bond be filed should the plaintiff seek a new license.
The department had jurisdiction to enter its findings and conclusions under General Statutes § 14-64. The plaintiff did not challenge the hearing officer's decision on any other basis. Accordingly, the court will not disturb the hearing officer's decision.
The appeal is dismissed.
DiPentima, J.