433 So.2d 544 (1983)
R. Frederick BOEDY, Petitioner,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, Board of Medical Examiners, Respondent.
No. AR-196.
District Court of Appeal of Florida, First District.
May 6, 1983.
Rehearing Denied June 10, 1983.
Philip J. Padovano, Tallahassee, for petitioner.
Spiro Kypreos, Tallahassee, for respondent Dept. of Professional Regulation, Jim Smith, Atty. Gen., and Christopher D. Rolle, Asst. Atty. Gen., Tallahassee, for respondent Bd. of Medical Examiners.
PER CURIAM.
On remand pursuant to our decision and opinion, 428 So.2d 758, announced March 25, 1983, the Board of Medical Examiners on April 21, 1983, entered an order denying petitioner Boedy's motion to dismiss for lack of jurisdiction, saying:
[Boedy's] argument that [the Board] lacks jurisdiction to discipline inactive licenses is rejected for the same reasons expressed by the hearing officer in his order denying the motion. [Boedy's] reliance on the wording "physician practicing in this state" found in Section 458.301, Florida Statutes, to support this jurisdictional claim is undercut not only by the language used in the last sentence of that same section but also by the use of the phrase "any person" in Section 458.331(2), Florida Statutes. The Board likewise rejects [Boedy's] position that there is no legitimate interest in assuring that nonpracticing physicians are able to practice with reasonable skill and safety. This argument overlooks the fact that a licensee can reactivate his license at his own volition and to suggest that physicians should be able to immunize themselves from prosecution by simply going inactive suggests a form of self-regulation of the medical profession which was obviously rejected by the Legislature when it chose to enact Chapter 458, Florida Statutes. To permit a licensee to indefinitely hide behind an inactive status while evidence is lost, witnesses disappear and memory is eradicated serves no useful public interest.
We have now considered petitioner Boedy's arguments, previously addressed to the *545 hearing officer's order, as addressed now to the Board's order. For the reasons expressed by the Board, Boedy's motion to dismiss is without merit. The Board's order is accordingly
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and LARRY G. SMITH and THOMPSON, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
In our earlier consideration of this case the court did not overlook Boedy's contention that another order of the hearing officer, requiring Boedy to answer interrogatories concerning the identity of his anticipated witnesses and the subjects on which his experts would testify, improperly compromises Boedy's fifth amendment privilege not to be a witness against himself. The order does not compel Boedy to testify and the constitutional claim is without merit. See Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970).
The motion for rehearing is DENIED.
ROBERT P. SMITH, Jr., C.J., and LARRY G. SMITH and THOMPSON, JJ., concur.