716 So.2d 873 (1998)
Susan Jan HAGGERTY and Suncoast Resource, Appellants,
v.
DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, Appellee.
No. 97-4406.
District Court of Appeal of Florida, First District.
September 9, 1998.
*874 Frank M. Gafford, Lake City, for Appellants.
Lisa S. Nelson, Deputy General Counsel, Stacey M. Rowe, Staff Attorney, Department of Business and Professional Regulation, Tallahassee, for Appellee.
ERVIN, Judge.
Appellants, Susan Haggerty and Suncoast Resource Management, Inc. (Suncoast), appeal an order of the Board of Employee Leasing Companies, Department of Business Regulation, disciplining them for failing to comply with section 468.525, Florida Statutes (Supp.1994). Appellants challenge several evidentiary determinations of the administrative law judge (ALJ), which we affirm without discussion. They additionally challenge the Board's conclusion that it had jurisdiction to discipline Suncoast, even though Suncoast was no longer licensed when the department filed the administrative complaint against it. We reverse, because the language of section 468.532, Florida Statutes (Supp.1994), precludes the Board from imposing discipline against Suncoast, which is no longer a licensee.
Susan Haggerty was licensed owner and controlling person of Suncoast, which was a licensed employee leasing company until September 1995, when its license was nullified after being surrendered in August. The Department filed an administrative complaint against Haggerty and Suncoast on April 30, 1996, charging numerous statutory violations and seeking discipline pursuant to section 468.532, which provides in part:
(1) The following constitute grounds for which disciplinary action against a licensee may be taken by the board:
* * *
(i) Violating any provision of this part or any lawful order or rule issued under the provisions of this part or chapter 455.
* * *
(r) Failing to meet or maintain the requirements for licensure as an employee leasing company or controlling person.
(Emphasis added.)
The Board decided that although Suncoast had surrendered its license, it nonetheless retained jurisdiction to deny Suncoast licensure pursuant to section 468.532(2)(a) in the event that it might reapply in the future. This was error. The language of the above provision only permits the department to discipline a licenseenot a former licensee or future applicant.
Most disciplinary statutes[1] phrase the authority of a professional board to discipline in language similar to the following:
(1) The following acts shall be grounds for the disciplinary actions provided for in subsection (2):
[list of prohibited acts]
(2) When the agency finds any person guilty of any of the prohibited acts set forth in subsection (1), the agency may enter an order imposing one or more of the following penalties[.]
(Emphasis added.) This wording permits the discipline of a former licensee for conduct committed while the license was active, as was the case in Boedy v. Department of Professional Regulation, 433 So.2d 544 (Fla. 1st DCA 1983), wherein a physician whose license was inactive challenged the department's *875 jurisdiction to discipline him. He argued that section 458.301, Florida Statutes, provided that the legislative purpose of chapter 458 was to insure that "every physician practicing in the state" met basic requirements. Boedy argued that because his license was inactive, he was not a "physician practicing in the state." Boedy, 433 So.2d at 544. The hearing officer, the Board, and this court all rejected Boedy's argument, stating that the last sentence in section 458.301 referred to "physicians" in general. We further noted that the disciplinary statute which Boedy violated, section 458.331, Florida Statutes, authorized the Board to discipline "any person." Boedy is distinguishable from the case at bar, because of the more specific language in the statute authorizing discipline against licensees.
The only other case law we find that addresses this issue is from Connecticut and Massachusetts and supports a conclusion that the Board was without jurisdiction to discipline a former licensee under the language of section 468.532. In Mangels v. Commissioner of Motor Vehicles, 40 Conn.Supp. 226, 487 A.2d 1121 (1984), the Commissioner of Motor Vehicles charged that John's Automotive Center was operating in violation of the law. The operator of the shop challenged the Commissioner's jurisdiction over the case, because his license had expired before the Commissioner filed the complaint, although he had committed the violative acts while his license was still active. The pertinent statute authorized the Commissioner to suspend, revoke or impose a fine against the license of any licensee, and was silent regarding the Commissioner's jurisdiction to discipline an operator with an expired license. Id. at 1123. Accordingly, the court concluded that the Commissioner no longer had jurisdiction over the former licensee.
[I]t is a familiar principle of statutory construction that courts may not read into clearly expressed legislation provisions which do not find expression in its words. It is submitted that had the legislature intended the commissioner's jurisdiction to extend to former as well as current licensees it would have explicitly so stated.
Id. at 1124 (citation omitted).
The Connecticut Supreme Court similarly decided Stern v. Connecticut Medical Examining Board, 208 Conn. 492, 545 A.2d 1080 (1988), wherein the Department of Health Services charged a physician with professional misconduct and revoked his license. The physician did not challenge the findings of misconduct, but challenged the Board's jurisdiction to revoke his license, because it had expired after the conduct but before the complaint was filed. The court examined the pertinent statutes and concluded that the Board did not have jurisdiction over Stern, because the Board was authorized to revoke the license of "a physician," which was defined as a "person licensed pursuant to [chapter 370]," whereas Stern was no longer licensed. Id. at 1085 (emphasis added).
The Massachusetts Supreme Court distinguished Stern in Wang v. Board of Registration in Medicine, 405 Mass. 15, 537 N.E.2d 1216 (Mass.1989), wherein a physician challenged the Board's jurisdiction because his license had expired before the Board initiated proceedings. The court concluded that the agency had nevertheless retained jurisdiction over the physician, because a statute authorized the Board to "investigate all complaints relating to the proper practice of medicine by any person holding a certificate of registration." Id. at 1218. Although a certificate of registration was revoked by operation of law once a physician failed to renew, the certificate could be automatically revived upon completion of the renewal process, no matter when this occurred. Therefore, the court concluded that even though Dr. Wang did not have a license that could be revoked, the Board possessed jurisdiction to revoke his "inchoate right to reestablish his status as a licensed physician in Massachusetts simply by completing the renewal process." Id. at 1219. In contrast, the court noted that in Stern, the license of a physician who did not renew within 90 days automatically became void under Connecticut law.
As in Wang, this court noted in Boedy that physicians had the right to reactivate a lapsed license automatically on their own volition. Under section 468.528, Florida Statutes (Supp.1994), however, the license of an employee leasing company that does not renew *876 within 30 days becomes void by operation of law, and there is no provision permitting automatic renewal thereafter.
Because statutes authorizing revocation of licenses to practice a business or a profession are penal in nature, they must be strictly construed. Taylor v. Department of Professional Reg., 534 So.2d 782 (Fla. 1st DCA 1988) (Board of Medical Examiners had no jurisdiction to discipline licensed physician for acts of professional misconduct committed prior to his licensure). In that section 468.532 authorizes the Board to discipline "licensees" only, unlike most other professional disciplinary statutes, it did not provide the Board with jurisdiction to discipline Suncoast, whose license had expired prior to the filing of the administrative complaint.
We therefore reverse and remand that portion of the final order wherein the Board directed the Department to deny any future application for licensure filed by Suncoast.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
BOOTH and VAN NORTWICK, JJ., concur.
NOTES
[1] See, e.g., §§ 457.116 (acupuncture), 458.331 (medical practice), 459.015 (osteopathy), 460.413 (chiropractic), 461.013 (podiatry), 462.14 (naturopathy), 463.016 (optometry), 464.018 (nursing), 465.016 (pharmacy), 467.203 (midwifery), 468.1295 (audiology), Fla. Stat. (1995).