CASANUEVA, Judge.
Keith C. Vetter, a convicted felon who has not had his civil rights restored, i.e., an unrestored convicted felon, appeals the State Electrical Contractors’ Licensing Board’s [ECLB] order denying him state registration of his occupational license as a master electrician. This denial precludes him from working as an electrical contractor in Charlotte County. Because we conclude the ECLB misconstrued its authority under the operational statute, section 112.011(l)(b), Florida Statutes (2004), we reverse and remand for reconsideration.
Mr. Vetter has an unfortunate history of felonies and substance abuse problems. However, for the past several years he has successfully conformed his behavior to the law and refrained from using alcohol and illegal drugs. He is currently serving out an exemplary probationary sentence. He is gainfully employed as a supervisor by an electrical contracting company in Charlotte County — practically operates the business himself — and he hopes to purchase it. To be the qualifying agent for the business, see § 489.505(14), Fla. Stat. (2004), he must register his master electrician’s cer-tifícate of competency, i.e., his occupational license, with the state pursuant to section 489.513. Such registration restricts his electrical contracting ability to Charlotte County. § 489.505(16). If he wishes to expand his electrical contracting business without being so geographically limited, he must then become certified.[1] Registration is a prerequisite to certification. § 489.514. This is an important distinction. Mr. Vetter is seeking only to become a registered electrical contractor in Charlotte County.
Mr. Vetter overcame the first hurdle in this registration process by obtaining, af *46 ter passing all qualifying examinations, a certificate of competency as a master electrician issued by the Charlotte County Construction Industry Licensing Board. After receiving information on Mr. Vet-ter’s criminal background from an anonymous source and holding a hearing at which Mr. Vetter appeared, this board amended its order. It did not rescind its decision to issue the license or certificate of competency, but it did place him on probation for three years. Mr. Vetter then sought to register with the state as an electrical contractor pursuant to section 489.513.
As required by the ECLB pursuant to sections 489.513(2) and (3), he paid the application fee and provided all the necessary documentation for the ECLB’s application committee to review and consider. Due to his status as an unrestored convicted felon, the committee recommended that his application be denied pursuant to section 112.011(l)(b), Florida Statutes (2004), which provides:
112.011 Felons; removal of disqualifications for employment, exceptions.—
(1) ....
(b) Except as provided in s. 775.16, a person whose civil rights have been restored shall not be disqualified to practice, pursue, or engage in any occupation, trade, vocation, profession, or business for which a license, permit, or certificate is required to be issued by the state, any of its agencies or political subdivisions, or any municipality solely because of a prior conviction for a crime. However, a person whose civil rights have been restored may be denied a license, permit, or certification to pursue, practice, or engage in an occupation, trade, vocation, profession, or business by reason of the prior conviction for a crime if the crime was a felony or first degree misdemeanor and directly related to the specific occupation, trade, vocation, profession, or business for which the license, permit, or certificate is sought.
Adhering to its committee’s recommendation, the ECLB summarily denied Mr. Vetter’s registration application. He then appealed, seeking a hearing before the full board. Representing himself, Mr. Vetter argued to the ECLB that it was misconstruing the application of section 112.011. In support of his contention he brought to the ECLB’s attention an application for certification pursuant to section 489.514 that the board had heard earlier in the hearing. There, the certification applicant, currently a registered electrical contractor since 1999, has been an unrestored convicted felon since 1989. Despite his status as an unrestored felon, the certification applicant had been allowed to register and had done business as a registered electrical contractor for several years. Additionally, Mr. Vetter noted that Charlotte County, the jurisdiction where he planned to work, had issued Mr. Vetter a license in spite of its knowledge of his unrestored status. After Mr. Vetter’s presentation and further discussion, the ECLB finally concluded that if it did not deny registration to Mr. Vetter due to his unrestored status, it would itself violate section 112.011.
The transcript of the hearing clearly reveals that the ECLB concluded that section 112.011(l)(b) constrained its discretion and mandated denial of Mr. Vetter’s registration. We hold, however, that the statutory language does not impose such constraint on the ECLB.
There is no dispute in this case that Mr. Vetter has fulfilled all the statutory requirements for registration in chapter 489: he paid the registration fee, he holds a Charlotte County certificate of competency for the type of work for which he seeks *47 registration, and he provided evidence of passing an appropriate local exam on a form provided by the Department of Business and Professional Regulation. See § 489.513(3). Nowhere in section 489.105, which defines registration, or section 489.513, which governs the registration process, is anything more required. Section 489.515(2), titled “Issuance of certificates; registrations,” directs that the department “shall issue a registration to a person who is in compliance with the provisions of s. 489.513 and who the board certifies is qualified to be registered.” Section 489.515(4) allows the board to refuse to certify an applicant as qualified for registration if the applicant has violated any provision of section 489.533. Section 489.533 deals with disciplinary proceedings and provides several grounds for initiating those proceedings. However, section 489.533 is not applicable to Mr. Vetter because he was never found guilty of nor pleaded nolo contendere to a crime “which directly relates to the practice of electrical ... contracting or the ability to practice electrical ... contracting.”
The ECLB disqualified Mr. Vetter not on the basis of section 489.533 but on the basis of section 112.011(l)(b), a statute that does not disqualify him. We construe the statute strictly because denying licen-sure, like revocation of an existing license, is penal in nature and constrains a citizen’s ability to practice his trade or profession. Cf. Haggerty v. Dep’t of Bus. & Prof'l Regulation, 716 So.2d 873 (Fla. 1st DCA 1998) (strictly construing a statute authorizing revocation of a license to practice a business or a profession). The ECLB determined that section 112.011 prohibited registration of Mr. Vetter’s license because his civil rights have not been restored. It does not. By its plain language, section 112.011 is not a “prohibition statute” but a “removal of prohibition” statute. Although the State of Florida has the constitutional authority to deny the right to engage in state-licensed occupations to a person who has been previously convicted of a felony, see Calhoun v. Dep’t of Health & Rehab. Servs., 500 So.2d 674 (Fla. 3d DCA 1987), that bar was removed by the enactment of section 112.011 in 1971. The preamble to the law, ch. 71-115, at 304, Laws of Fla., explained the legislature’s intent:
WHEREAS, it is the policy of the State of Florida to encourage and contribute to the rehabilitation of felons and to assist them in the assumption of the responsibilities of citizenship, and
WHEREAS, the opportunity to secure employment or to pursue, practice or engage in a meaningful and profitable trade, occupation, vocation, profession or business is an essential ingredient to the assumption of the responsibilities of citizenship ....
Section three of chapter 71-115 specifically repealed section 112.01, Florida Statutes (1970), which had previously barred persons convicted of certain crimes from voting or holding civil or military office, as well as “[a]ll other acts or parts of acts inconsistent with this act[.]” The ECLB’s action has resurrected that earlier automatic bar and applied it to Mr. Vetter.
The legislature’s preamble expressed its intent that section 112.011 open licensed occupations to convicted felons. Charlotte County implemented that intent in issuing a master electrician’s certificate of competency to Mr. Vetter. The statute’s plain language illustrates that its function is to remove prohibitions to work. The first sentence of subsection 112.011(l)(b) removes the licensing board’s authority to deny a license based on a previous conviction when the felon has had his or her civil rights restored. The second sentence of the subsection reinstates a portion of that *48 authority and gives the licensing body more discretion to deny the restored felon a license if the conviction was related to the work for which the license is sought. Strict construction of this statute requires its application to convicted felons who have had their civil rights restored and who have a conviction related to the trade for which they seek licensure. Because Mr. Vetter has not had his civil rights restored, neither sentence of subsection (b) applies to his circumstances.
Mr. Vetter presents a further meritorious argument that the ECLB has erroneously construed section 112.011(l)(b). Section 489.511 outlines the prerequisites for those who seek to be certified electrical contractors rather than merely registered electrical contractors. In order to be “certified,” an applicant must take an examination to determine his or her qualification to contract throughout the state. If a person is at least eighteen years of age, has the qualifying amount of experience, and is of “good moral character,” he or she shall be entitled to take the examination. § 489.511(2)(a). “Good moral character” is not mentioned as a prerequisite in section 489.513, which governs the registration process. The legislature could have easily included such a requirement for registration, but it chose not to do so. See Fed. Ins. Co. v. S.W. Fla. Retirement Ctr., Inc., 707 So.2d 1119, 1122 (Fla.1998). When the legislature wishes to disqualify certain persons from exercising a right or a duty, it knows how. See, e.g., § 97.041 (stating that an unrestored convicted felon is not qualified to register to vote).
Other, more specific statutes, might operate to deny Mr. Vetter a license were he to engage in certain occupations. See, e.g., §. 561.15(2), Fla. Stat. (2004) (disqualifying persons convicted of certain felonies from holding an alcoholic beverage license). Because of the operation of subsection (l)(b), section 112.011 is not one of them. If the ECLB’s construction of this statute is allowed to stand, an unrestored convicted felon will be absolutely barred from ever becoming a registered contractor. This is clearly contrary to the legislature’s expressed intent to encourage felons to become contributing members of the community, to foster their rehabilitation, and to assist them in assuming the responsibilities of citizenship through the pursuit of a meaningful and profitable trade or occupation.
There may be other grounds to deny Mr. Vetter registration of his Charlotte County license, but the ECLB has not taken those into consideration, basing its denial only on its erroneous construction of section 112.011. We therefore reverse the denial of registration and remand for further proceedings.
Reversed and remanded.
DAVIS and SILBERMAN, JJ., Concur.

. Section 489.105(8), Florida Statutes (2004), defines "Certified contractor" as "any contractor who possesses a certificate of competency issued by the department and who shall be allowed to contract in any jurisdiction in the state without being required to fulfill the competency requirements of that jurisdiction.” Section 489.105(10) defines “Registered contractor” as "any contractor who has registered with the department pursuant to fulfilling the competency requirements in the jurisdiction for which the registration is issued. Registered contractors may contract only in such jurisdictions.”