# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-2829
_____

BRADLEY D. SCHAFFNER,

    Appellant,

    v.

FLORIDA DEPARTMENT OF
HEALTH,

    Appellee.

_____


On appeal from the Department of Health, Board of Pharmacy.
Jessica Sapp, Executive Director.


May 8, 2024



M.K. THOMAS, J.

Bradley Schaffner challenges a final order approving a settlement agreement he purportedly entered with the Florida Department of Health (Department). He argues that he did not consent to unilateral, post-hearing modifications the Department made to the agreement. He further argues that the Department lacked the authority, at the time it filed an administrative complaint, to discipline him because he was not a licensee. Because Appellant did not preserve his first argument below, and the

Department had the authority to file the administrative complaint, we affirm.

## I.

Appellant, while a student at the University of South Florida College of Pharmacy (USFCOP), was granted a pharmacy student intern license. Subsequently, he was arrested for driving under the influence, and entered a plea of nolo contendere to one count of reckless driving. After reporting the criminal matter to the pharmacy school and to maintain his student status, Appellant was required to undergo an evaluation by Professionals Resource Network (PRN). PRN recommended a plan including counseling and weekly monitoring, among other requirements. Appellant failed to comply, and PRN notified the Department. USFCOP dismissed Appellant based on his failure to participate in PRN.

The Department notified Appellant that in addition to his failure to comply with PRN recommendations, he violated section 456.072(1)(x), Florida Statutes, which required him to report his nolo contendere plea to the Department within 30 days of issuance. The Department filed an administrative complaint against him. Appellant timely submitted a response indicating that he did not dispute the factual allegations of the complaint but requested a hearing before the Board of Pharmacy. However, a settlement agreement was reached and counsel for the Department set the matter for "final agency action" before the Board.

Prior to the Board hearing, the parties signed and notarized the settlement agreement. At hearing the Board rejected the settlement and orally proposed a counteroffer with additional conditions. Appellant's counsel responded, "[w]e would welcome the counteroffer wholeheartedly today." Appellant did not object to the additional terms. In fact, his statements aligned with general assent to the counteroffer. Subsequently, the Board issued an order declaring, "[Appellant] accepted the counteroffer on the record."

2

## II.

Appellant now contends that the order unilaterally and impermissibly incorporated settlement conditions not discussed at the hearing and to which he did not agree—specifically, strict timelines for compliance with the settlement conditions—and that this requires reversal. However, we cannot reach the merits of this argument because Appellant failed to preserve it through a motion for rehearing below. "[W]hen a final order addresses substantive issues or reaches legal conclusions that have not been previously raised or challenged . . . a party must file a motion for rehearing to preserve those alleged errors for appellate review." *State v. Clark*, 373 So. 3d 1128, 1131 (Fla. 2023) (citing *Holland v. Cheney Bros., Inc.*, 22 So. 3d 648, 650 (Fla. 2009)). Appellant's arguments that he did not consent to the modified settlement agreement during the hearing, or the additional provisions added following the hearing, should have been raised in a motion for rehearing to allow the lower tribunal to consider and resolve errors when they arose, rather than wait for the process of an appeal and expend the judicial resources that come with that procedure. *See id.* (citing *Harrell v. State*, 894 So. 2d 935, 940 (Fla. 2005); *Castor v. State*, 365 So. 2d 701, 703 (Fla. 1978). The preservation requirement also serves the purpose of treating the parties, the court, and the judicial system fairly. *See City of Orlando v. Birmingham*, 539 So. 2d 1133, 1134 (Fla. 1989); *Eaton v. Eaton*, 293 So. 3d 567, 568 (Fla. 1st DCA 2020). As Justice Grosshans recently emphasized in *Clark*, "[t]hese preservation principles are not less applicable in the context of formal administrative adjudication." 373 So. 3d at 1131 (citing *Fla. Dep't of Bus. & Pro. Reg., Div. of Pari-Mutuel Wagering v. Inv. Corp. of Palm Beach*, 747 So. 2d 374, 385 (Fla. 1999)). Because Appellant failed to file a motion for rehearing, the argument is not preserved, and therefore we reject it.

## III.

We also reject Appellant's argument that the Department lacked authority to initiate and prosecute an administrative complaint against him because he did not possess an active Florida license at the time and therefore was not a "health care practitioner" subject to the Department's jurisdiction. The

statutory basis for the Department's complaint against Appellant was section 456.072, Florida Statutes, governing grounds for discipline, which provides in relevant part as follows:

> (1) The following acts shall constitute grounds for which the disciplinary actions specified in subsection (2) may be taken; . . .
>
> (x) Failure to report to the board, or the department if there is no board, in writing within 30 days after the licensee has been convicted or found guilty of, or entered a plea of nolo contendere to, regardless of adjudication, a crime in any jurisdiction. . . .
>
> (2) When the board, or the department when there is no board, finds any person guilty of the grounds set forth in subsection (1) or of any grounds set forth in the applicable practice act, including conduct constituting a substantial violation of subsection (1) or a violation of the applicable practice act which occurred prior to obtaining a license, it may enter an order imposing one or more of the following penalties:
> . . .

Appellant contends that he was not subject to the Department's authority because he was only a pharmacy student intern and, even if he were a "licensee" when the Department filed the complaint, the Department's own action of revoking his intern status removed him from the Department's authority. The Department contends that it had jurisdiction over Appellant because he was a licensee when he pleaded nolo contendere to the criminal offense, and the language of section 456.072(2) does not require active licensee status to invoke the Department's disciplinary authority. Rather, the plain language of the statute authorizes the Department to enter an order against "any person" who has violated subsection (1) or the applicable practice act.

We agree with the Department's reasoning. We begin with the governing statutory definition of a "licensee." Chapter 456 empowers the Department to regulate healthcare professions and broadly defines a "licensee" as "any person or entity issued a

4

permit, registration, certificate, or license, including a provisional license, by the department." § 456.001(6), Fla. Stat. Chapter 465—the chapter governing the practice of pharmacy—defines a "[p]harmacy intern" as:

> a person who is currently registered in, and attending, a duly accredited college or school of pharmacy, or who is a graduate of such a school or college of pharmacy, and who is duly and properly registered with the department as provided for under its rules.

§ 465.003(21), Fla. Stat.

Further, section 465.013, Florida Statutes, addresses the registration of pharmacy interns and provides, in relevant part:

> The department shall register as pharmacy interns persons certified by the board as being enrolled in an intern program at an accredited school or college of pharmacy . . . . The board may refuse to certify to the department or may revoke the registration of any intern for good cause, including grounds enumerated in this chapter for revocation of pharmacists' licenses.

To register with the Department as a pharmacy student intern, "An applicant . . . must submit proof of: (A) Enrollment in an intern program at an accredited college or school of pharmacy." Fla. Admin. Code R. 64B16-26.400(2)(a). And relevant to the effect of withdrawal or dismissal from an accredited pharmacy program,

> Within thirty (30) days of termination of enrollment in an intern program, or withdrawal of registration or attendance in an accredited school or college of pharmacy, all registered pharmacy interns shall report such change in enrollment, registration or attendance to the Board office. The notification may include a request, including full explanation and supported by accompanying documentation, if any, that the pharmacy intern registration not be cancelled pending the registered pharmacy intern's re-enrollment, re-registration, or re-

5

attendance in an accredited intern program or accredited school or college of pharmacy.

Fla. Admin. Code R. 64B16-26.400(5).

Thus, Appellant's dismissal from USFCOP revoked his pharmacy student intern status because certification depends on active enrollment in a pharmacy program. That established, a plain reading of section 456.001(6), supports the conclusion that the Department properly exercised its disciplinary authority when it filed the complaint against Appellant, because its definition of "licensee" includes those registered with the Department or issued an applicable certificate or license. Both criteria apply to Appellant due to his enrollment with USFCOP at the time he pleaded nolo contendere. We find no merit in Appellant's argument that the Department's authority only applies to those with licensee status at the time the Department files its complaint. The Department's authority clearly extends to former licensees with inactive status.

We rejected an argument similar to Appellant's in *Boedy v. Department of Professional Regulation*, 433 So. 2d 544 (Fla. 1st DCA 1983). In *Boedy*, the appellant, a physician, argued that a regulatory board lacked jurisdiction to discipline him because his physician license was inactive when the board sought to act. *Id.* at 544. He asserted that to be subject to discipline he had to be a "physician practicing in the state" as required by section 458.301, Florida Statutes. *Id.* To the contrary, we reasoned that the plain language of the statute, including the use of the general term "physicians" and the phrase "any person," applied to the formerly licensed appellant regardless of license status. *Id.* (citing § 458.331(2), Fla. Stat.).

Appellant attempts to distinguish *Boedy* because the regulatory board there noted that the physician could reactivate his license at his own volition. But we approved the board's reasoning in *Boedy*, recognizing the following logic:

[T]o suggest that physicians should be able to immunize themselves from prosecution by simply going inactive suggests a form of self-regulation of the medical profession which was obviously rejected by the

6

Legislature . . . To permit a licensee to indefinitely hide behind an inactive status while evidence is lost, witnesses disappear, and memory is eradicated serves no useful public interest.

*Id.* at 544–45.

As a pharmacy student intern, Appellant qualified as a "licensee" under section 456.003(6) because he was admitted to USFCOP, then certified by the Board of Pharmacy and registered with the Department. While the physician in *Boedy* voluntarily inactivated his license, Appellant's dismissal from USFCOP had the legal effect of revoking his pharmacy student intern status. However, Appellant's emphasis on voluntary or involuntary inactivation of a license is a factual distinction that does not preclude Appellant from being considered a licensee. Section 456.072(1)(x), Florida Statutes, dictates that a *licensee's* failure to timely report a plea of nolo contendere to the Department is a punishable offense. The governing statutes and regulations do not give regulated professionals control over regulatory authorities' jurisdiction. The Department's authority to implement a penalty is not limited to only those with an active license, but "*any person* guilty of the grounds set forth in subsection (1)." § 456.072(2), Fla. Stat. (emphasis added). Because Appellant was a licensee when he pleaded nolo contendere, the plain language of the statute allows the Department to file an administrative complaint against him even after he was dismissed from USFCOP.

Because statutes authorizing revocation of licenses to practice a business or a profession are penal in nature, they must be strictly construed. *See Taylor v. Dep't of Pro. Reg.,* 534 So. 2d 782, 784 (Fla. 1st DCA 1988). Under the plain language of section 456.072(2), the Department had the authority to file the administrative complaint against Appellant. Accordingly, we affirm.

AFFIRMED.

OSTERHAUS, C.J., and KELSEY, J., concur.

7

*_____*

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

*_____*

Luke C. Lirot, Luke Charles Lirot, P.A., Clearwater; Ann M. Allison, Allison Law Group, Temple Terrace; and Daniel K. Schaffner, Law Office of Daniel Schaffner, Clearwater, for Appellant.

Sarah Young Hodges, Florida Department of Health, Tallahassee, for Appellee.